**Ex parte Samuel Ross McPHERSON, Applicant.**

**No. 73,453.**

Court of Criminal Appeals of Texas.

Dec. 6, 2000.

Samuel Ross McPherson, Richmond, pro se.

Michael R. Little, Anahuac, Matthew Paul, State's Atty., Austin, for State.

### OPINION

HOLLAND, J., delivered the opinion of the Court in which MEYERS, MANSFIELD, PRICE, JOHNSON and KEASLER, JJ., join.

Applicant was convicted of sexual assault, and punishment was assessed at twenty years confinement. No appeal was taken from this conviction. Applicant has now filed an application for a writ of habeas corpus in which he contends his trial counsel was ineffective for failing to file various pretrial motions. We deny the requested relief.

This is Applicant's second application for writ of habeas corpus. On January 8, 1992, this Court denied the previous application in which Applicant claimed his counsel was ineffective for failing to file notice of appeal. We filed and set this cause to decide whether an initial application seeking an out-of-time appeal constitutes a "challenge to the conviction" under Article 11.07 § 4 of the Texas Code of Criminal Procedure.

Article 11.07 § 4(a) states: "If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction a court may not consider the merits of or grant relief based on the subsequent application unless [an exception applies]." Tex. Code Crim.Proc.Ann. Art. 11.07 § 4. Under

an earlier interpretation of this section, the denial of Applicant's initial application would have constituted "a final disposition of an attack on a 'conviction,'" because it was "an attack on a specific cause number in which all issues which were raised [were] dealt with on the merits." *Ex Parte Rawlinson,* 958 S.W.2d 198, 200 (Tex.Crim.App.1997). In *Ex parte Evans,* however, we explicitly disavowed that language and defined the narrower term "challenge to the conviction." 964 S.W.2d 643, 646 n. 4 (Tex.Crim.App.1998). "Both the definition of conviction and this Court's case law regarding writ applications lead us to the conclusion that the procedural bar of § 4 is limited to instances in which the initial application raises claims regarding the validity of the prosecution or the judgment of guilt." *Id.* at 647; *see also Ex parte Whiteside,* 12 S.W.3d 819, 821 (Tex.Crim.App.2000) (noting the *Ex parte Evans* definition of "challenge to the conviction.").

In this case, Applicant's initial application seeking an out-of-time appeal did not directly seek to overturn the conviction. His claim that counsel failed to preserve his right to appeal did not concern the validity of the prosecution or the judgment of guilt. Applicant might have challenged the validity of the prosecution or judgment of guilt in any out-of-time appeal granted him. But the validity of the conviction itself was not called into question by the filing of the initial application, which sought only an opportunity to appeal in the court of appeals.

Because Applicant's initial application seeking an out-of-time appeal did not pertain to the validity of the prosecution or the judgment of guilt, it was not a challenge to the conviction invoking the procedural bar of Article 11.07 § 4. Therefore, we address the merits of Applicant's claims in this subsequent application.

Applicant contends that his trial counsel was ineffective because he failed to file various pretrial motions, including a motion in limine, a motion for speedy trial, a motion to quash, and a motion for appointment of an investigator. Applicant does not allege any specific facts showing why these motions were needed in this particular case. Applicant also argues that his counsel failed to object to inadmissible evidence, but again he states only conclusions without any supporting facts. Therefore, Applicant has failed to allege facts which, if true, would entitle him to relief. *See Ex parte Maldonado,* 688 S.W.2d 114 (Tex. Crim.App.1985). Relief is denied.

WOMACK, J., dissents with opinion joined by KELLER, J. McCORMICK, P.J., dissents without opinion.

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS FROM CHAMBERS COUNTY.

WOMACK, J., filed a dissenting opinion in which KELLER, J., joined.

Elsewhere I have expressed my view of the statutory terms that the Court construes today.

After 1995, the procedures of Article 11.07, Sections 3–7, apply only to an application in which the applicant seeks relief from a non-capital felony judgment. See *id.,* Section 1. When Section 1 is kept in mind, most of the perceived difficulty with Section 4 disappears. Section 4 restricts a subsequent application that is filed after "an initial application challenging the same conviction." If we follow Section 1 and apply those restrictions only to applications that seek relief from a felony judgment, every (or almost every) subsequent application will follow "an initial application challenging the same conviction."

In other words, Section 1 and Section 4 should be construed in harmony. An initial application should be admitted to the post-conviction procedure only if (under Section 1) it "seeks relief from a felony judgment," and it will be an application that was "challenging the conviction" in the terms of Section 4. There is

no reason to suppose, as the Court does today, that the Legislature wanted to create a class of post-conviction applications under Section 1 that were not subject to the restrictions of Section 4. Such a supposition is not called for by the language of the statute, and it is manifestly contrary to the intent of the Act of June 7, 1995, which was "to limit a convicted person to 'one bite at the apple'" under Article 11.07. *Ex parte Torres*, 943 S.W.2d 469, 474 (Tex.Cr.App. 1997). ...

We need not develop further the jurisprudence, which began in *Ex parte Evans*, 964 S.W.2d 643 (Tex.Cr.App.1998), about subsequent applications that follow initial applications that did not challenge the conviction but were still cognizable under Article 11.07, Section 1. There should not be any such initial applications.

*Ex parte Whiteside*, 12 S.W.3d 819, 822–23 (Tex.Cr.App.2000) (Womack, J., concurring).

Today's decision is another development in the *Evans* jurisprudence, under which the initial post-conviction habeas corpus application under Article 11.07 is said to have "sought relief from a felony judgment," but not to have "challenged the conviction." Because I do not understand the statute to permit such an initial application, I would hold that this subsequent application is barred by Section 4 of the article. I would dismiss it.