IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,128




EX PARTE RONALD LEE AKIN, II, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W9531-2 IN THE 355TH JUDICIAL DISTRICT COURT
FROM HOOD COUNTY




           Per curiam.
 
O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to eighty years’ imprisonment. The Seventh Court of Appeals
affirmed his conviction. Akin v. State, No. 07-05-00238-CR (Tex. App. – Amarillo, December 9,
2005, pet ref’d). 
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to transmit a forty-year plea offer to Applicant prior to trial. This Court remanded to the trial court to give counsel an opportunity to respond to Applicant’s allegations. The trial court 
has obtained affidavits from the trial prosecutor and trial counsel. According to the trial prosecutor’s
affidavit, his file indicates that he made a plea bargain offer of forty years in exchange for
Applicant’s plea of guilty. According to trial counsel’s affidavit, he has no recollection of a forty-year plea offer being made to Applicant, and no recollection of communicating such an offer to him. 
            The trial court has entered findings of fact and conclusions of law after remand, finding inter
alia that Applicant’s claim could have been raised in his previous habeas application, and that this
application is therefore barred by Tex. Code Crim. Proc. art. 11.07 §4. However, Applicant’s
previous writ sought and obtained an out-of-time Petition for Discretionary Review, and was not a
challenge to the conviction invoking the procedural bar of Article 11.07 §4. See Ex parte
McPherson, 32 S.W.3d 860, 861 (Tex. Crim. App. 2000).
            We find, therefore, that trial counsel’s failure to transmit the forty-year plea offer made by
the State to Applicant prior to trial constituted deficient performance, and that Applicant has been
prejudiced by the missed opportunity of accepting such bargain. The appropriate remedy where, as
here, a defendant was deprived of the opportunity to accept a plea offer, is to put him in the position
he would have been in prior to the Sixth Amendment violation resulting from counsel’s
ineffectiveness. Id. at 798. 
            Relief is granted. The judgment and sentence in Cause No. W9531-2 from the 355th Judicial
District Court of Hood County is vacated, and Applicant is remanded to the custody of the Sheriff
of Hood County to answer the charges against him.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.
 
Delivered: April 8, 2009
Do Not Publish