

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,128

**EX PARTE RONALD LEE AKIN, II, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W9531-2 IN THE 355TH JUDICIAL DISTRICT COURT
### FROM HOOD COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and sentenced to eighty years' imprisonment. The Seventh Court of Appeals affirmed his conviction. *Akin v. State*, No. 07-05-00238-CR (Tex. App. – Amarillo, December 9, 2005, pet ref'd).

Applicant contends, *inter alia*, that his trial counsel rendered ineffective assistance because counsel failed to transmit a forty-year plea offer to Applicant prior to trial. This Court remanded to

the trial court to give counsel an opportunity to respond to Applicant's allegations. The trial court has obtained affidavits from the trial prosecutor and trial counsel. According to the trial prosecutor's affidavit, his file indicates that he made a plea bargain offer of forty years in exchange for Applicant's plea of guilty. According to trial counsel's affidavit, he has no recollection of a forty-year plea offer being made to Applicant, and no recollection of communicating such an offer to him.

The trial court has entered findings of fact and conclusions of law after remand, finding *inter alia* that Applicant's claim could have been raised in his previous habeas application, and that this application is therefore barred by Tex. Code Crim. Proc. art. 11.07 §4. However, Applicant's previous writ sought and obtained an out-of-time Petition for Discretionary Review, and was not a challenge to the conviction invoking the procedural bar of Article 11.07 §4. *See Ex parte McPherson*, 32 S.W.3d 860, 861 (Tex. Crim. App. 2000).

We find, therefore, that trial counsel's failure to transmit the forty-year plea offer made by the State to Applicant prior to trial constituted deficient performance, and that Applicant has been prejudiced by the missed opportunity of accepting such bargain. The appropriate remedy where, as here, a defendant was deprived of the opportunity to accept a plea offer, is to put him in the position he would have been in prior to the Sixth Amendment violation resulting from counsel's ineffectiveness. *Id.* at 798.

Relief is granted. The judgment and sentence in Cause No. W9531-2 from the 355th Judicial District Court of Hood County is vacated, and Applicant is remanded to the custody of the Sheriff of Hood County to answer the charges against him.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: April 8, 2009
Do Not Publish