IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,316-03






EX PARTE MARIANO MARIN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2004-CR-3997 IN THE 144TH DISTRICT COURT


FROM BEXAR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to twenty-five years' imprisonment. The Fourth Court of Appeals affirmed his
conviction. Marin v. State, No. 04-06-00381-CR (Tex. App.-San Antonio, May 9, 2007) (not
designated for publication). 

 Applicant's writ application presents, inter alia, at least twelve allegations of ineffective
assistance of trial counsel. The trial court did not address Applicant's allegations because it found
that the writ application was subsequent and barred by Section 4. Tex. Code Crim. Proc. art. 11.07
§ 4. The first writ application to address this conviction was dismissed for non-compliance with the
Rules of Appellate Procedure. Ex parte Marin, WR-72,316-01 (Tex. Crim. App. Jul. 15, 2009).
Applicant's second writ application raised three grounds, all of which related to his claim that he was
denied the right to file an out-of-time pro se petition for discretionary review. The second writ
application was denied without written order on the trial court's findings without a hearing. Ex parte
Marin, WR-72,316-02 (Tex. Crim. App. Jan. 20, 2010). The Code of Criminal Procedure's
restrictions on the consideration of subsequent applications apply once an Article 11.07 application
challenges the conviction. Tex. Code Crim. Proc. art. 11.07 § 4(a). The Section 4 procedural bar
"is limited to instances in which the initial application raises claims regarding the validity of the
prosecution or the judgment of guilt." Ex parte McPherson, 32 S.W.3d 860, 861 (Tex. Crim. App.
2000). As Applicant's previous writ sought only an out-of-time petition for discretionary review, it
was not a challenge to the conviction invoking Section 4's procedural bar and this Court may
consider the merits of the grounds presented in the instant application. Id. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection.
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 16, 2010

Do not publish