Opinion filed November 18,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00004-CR

                                                    __________

 

                          PETER
HELLMUTH EGGERT, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 266th District Court

 

                                                            Erath
County, Texas

 

                                                 Trial
Court Cause No. CR12121A

 



 

                                            M
E M O R A N D U M    O P I N I O N

            This
is an appeal pursuant to Tex. R. App. P.
31 from an order denying a postconviction writ of habeas corpus.  We affirm.

            A
jury convicted Peter Hellmuth Eggert of conspiracy to fabricate physical
evidence.  Punishment was assessed at confinement for two years and a $5,000
fine.  However, the trial court suspended the imposition of the confinement
portion of the sentence and placed appellant on community supervision for five
years.  This court affirmed the conviction in Peter Hellmuth Eggert v. State
of Texas, No. 11-05-00234-CR, with an unpublished opinion issued on June 7,
2007.  The Texas Court of Criminal Appeals refused appellant’s petition for
discretionary review, and the United States Supreme Court denied his petition
for writ of certiorari.

            Appellant
then filed in the trial court a petition for writ of habeas corpus pursuant to Tex. Code Crim. Proc. Ann. art. 11.072 (Vernon 2005).  Appellant
raised four contentions:  that the jury had been improperly seated depriving
him of his constitutional guaranties to an impartial jury; that he had received
ineffective assistance from his trial counsel; that he did not and could not
have committed the crime because the unsigned “affidavits” could not have been
used to affect the outcome of an official proceeding in the Eleventh Court of
Appeals; and that the special prosecutor resorted to prosecutorial misconduct
tainting his trial.  The trial court determined that appellant failed to
sustain his burden on his ineffective assistance of trial counsel claim, that
he had previously litigated his other three claims, and that those three claims
were frivolous.  The trial court denied the writ, and appellant perfected the
present appeal.

            On
appeal, appellant raises the same four issues he raised in his petition:  that
the jury was improperly seated, that his trial counsel was ineffective, that he
did not and could not have committed the crime, and that the special prosecutor
committed prosecutorial misconduct.    Appellant also raises a fifth argument
that a new development establishes that the special prosecutor has the “full
and prejudiced support of” the trial court in his “uncontrolled prosecutorial
misconduct.”  Appellant contends that his community supervision has now been
revoked because of the special prosecutor’s “disregard of [his]
constitutionally and statutorily guaranteed appellate rights.”  Appellant
challenges the grounds alleged for his revocation and the manner in which the
revocation hearing was conducted.

            We
note that appellant’s challenges to the order revoking his community
supervision are not properly part of this appeal from the denial of his Article
11.072 petition and that appellant has perfected an appeal from the revocation
order that is currently pending in this court in Cause No. 11-10-00177-CR.  Appellant’s
fifth issue is overruled.

            Article
11.072 provides that a person may not seek relief by way of a petition for writ
of habeas corpus if he could have obtained the requested relief by means of a
direct appeal.  Appellant’s first, third, and fourth issues all raise arguments
that should have been and were raised during his direct appeal.  The trial
court did not err in denying the petition based on those arguments.  These
issues are overruled.

            Appellant’s
second issue complaining of the ineffective assistance of his trial counsel is
based on the following contentions:  that he relied on his trial counsel’s
assurances that trial counsel was not distracted by his recent discovery that
his son had been sexually abused by trial counsel’s investigator; that none of
the eighteen defense witnesses had been subpoenaed; that trial counsel had
fired and not replaced his investigator to appellant’s detriment; that trial
counsel told appellant after the trial that he had been offered a position with
the district attorney’s office; that trial counsel refused appellant’s request
to have the venire panel shuffled; and that trial counsel failed to object to
testimony concerning appellant’s guilt, failed to request a jury instruction
regarding whether one of the witnesses was an accomplice, failed to object to
the jury foreman who was the daughter of a grand jury member, failed to
substantially interview the state’s witnesses, and failed to understand the
applicable law.  Appellant contends that these allegations are “text book
violations of professional conduct synonymous only to counsel falling asleep
during trial.”

            In
reviewing the trial court’s findings on an ineffective assistance of counsel
claim in a habeas proceeding, the appellate court must afford almost total
deference to the trial court’s factual findings.  Ex parte White, 160
S.W.3d 46, 50 (Tex. Crim. App. 2004).  The applicant has the burden to establish
his claims.  Ex parte Peterson, 117 S.W.3d 804, 818 (Tex. Crim. App.
2003).  Conclusions without supporting facts will not meet this burden.  Ex
parte McPherson, 32 S.W.3d 860, 861 (Tex. Crim. App. 2000).  To establish
ineffective assistance of counsel, an applicant must show that trial counsel’s
performance fell below an objective standard of reasonableness and that, but
for trial counsel’s actions, there is a reasonable probability that the result
of the proceedings would have been different.  Wiggins v. Smith, 539
U.S. 510 (2003); Strickland v. Washington, 466 U.S. 668 (1984); Andrews
v. State, 159 S.W.3d 98 (Tex. Crim. App. 2005); Hernandez v.
State, 988 S.W.2d 770 (Tex. Crim. App. 1999).  The appellate court
must indulge a strong presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance; and
appellant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Bone v. State,
77 S.W.3d 828, 833 (Tex. Crim. App. 2002); Stafford v. State, 813
S.W.2d 503, 508-09 (Tex. Crim. App. 1991).

            The
record before this court supports the trial court’s factual findings concerning
appellant’s claims of ineffective assistance of counsel and supports the trial
court’s legal conclusion that appellant did not carry his burden in
establishing these claims.  The record does not support appellant’s claims that
his trial counsel was ineffective.  The second issue is overruled.

            Appellant
has failed to establish that the trial court abused its discretion by denying
his application for writ of habeas corpus.  Therefore, all of appellant’s
arguments are overruled.

            The
order of trial court is affirmed.

 

 

                                                                                                PER
CURIAM

 

November 18,
2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.