**Opinion filed November 18, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00004-CR

_____

## PETER HELLMUTH EGGERT, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CR12121A**

### M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to TEX. R. APP. P. 31 from an order denying a postconviction writ of habeas corpus.  We affirm.

A jury convicted Peter Hellmuth Eggert of conspiracy to fabricate physical evidence. Punishment was assessed at confinement for two years and a $5,000 fine.  However, the trial court suspended the imposition of the confinement portion of the sentence and placed appellant on community supervision for five years.  This court affirmed the conviction in *Peter Hellmuth Eggert v. State of Texas*, No. 11-05-00234-CR, with an unpublished opinion issued on June 7,

2007.  The Texas Court of Criminal Appeals refused appellant's petition for discretionary review, and the United States Supreme Court denied his petition for writ of certiorari.

Appellant then filed in the trial court a petition for writ of habeas corpus pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.072 (Vernon 2005).  Appellant raised four contentions:  that the jury had been improperly seated depriving him of his constitutional guaranties to an impartial jury; that he had received ineffective assistance from his trial counsel; that he did not and could not have committed the crime because the unsigned "affidavits" could not have been used to affect the outcome of an official proceeding in the Eleventh Court of Appeals; and that the special prosecutor resorted to prosecutorial misconduct tainting his trial.  The trial court determined that appellant failed to sustain his burden on his ineffective assistance of trial counsel claim, that he had previously litigated his other three claims, and that those three claims were frivolous.  The trial court denied the writ, and appellant perfected the present appeal.

On appeal, appellant raises the same four issues he raised in his petition:  that the jury was improperly seated, that his trial counsel was ineffective, that he did not and could not have committed the crime, and that the special prosecutor committed prosecutorial misconduct. Appellant also raises a fifth argument that a new development establishes that the special prosecutor has the "full and prejudiced support of" the trial court in his "uncontrolled prosecutorial misconduct."  Appellant contends that his community supervision has now been revoked because of the special prosecutor's "disregard of [his] constitutionally and statutorily guaranteed appellate rights."  Appellant challenges the grounds alleged for his revocation and the manner in which the revocation hearing was conducted.

We note that appellant's challenges to the order revoking his community supervision are not properly part of this appeal from the denial of his Article 11.072 petition and that appellant has perfected an appeal from the revocation order that is currently pending in this court in Cause No. 11-10-00177-CR.  Appellant's fifth issue is overruled.

Article 11.072 provides that a person may not seek relief by way of a petition for writ of habeas corpus if he could have obtained the requested relief by means of a direct appeal. Appellant's first, third, and fourth issues all raise arguments that should have been and were raised during his direct appeal.  The trial court did not err in denying the petition based on those arguments.  These issues are overruled.

Appellant's second issue complaining of the ineffective assistance of his trial counsel is based on the following contentions: that he relied on his trial counsel's assurances that trial counsel was not distracted by his recent discovery that his son had been sexually abused by trial counsel's investigator; that none of the eighteen defense witnesses had been subpoenaed; that trial counsel had fired and not replaced his investigator to appellant's detriment; that trial counsel told appellant after the trial that he had been offered a position with the district attorney's office; that trial counsel refused appellant's request to have the venire panel shuffled; and that trial counsel failed to object to testimony concerning appellant's guilt, failed to request a jury instruction regarding whether one of the witnesses was an accomplice, failed to object to the jury foreman who was the daughter of a grand jury member, failed to substantially interview the state's witnesses, and failed to understand the applicable law. Appellant contends that these allegations are "text book violations of professional conduct synonymous only to counsel *falling asleep during trial*."

In reviewing the trial court's findings on an ineffective assistance of counsel claim in a habeas proceeding, the appellate court must afford almost total deference to the trial court's factual findings. *Ex parte White*, 160 S.W.3d 46, 50 (Tex. Crim. App. 2004). The applicant has the burden to establish his claims. *Ex parte Peterson*, 117 S.W.3d 804, 818 (Tex. Crim. App. 2003). Conclusions without supporting facts will not meet this burden. *Ex parte McPherson*, 32 S.W.3d 860, 861 (Tex. Crim. App. 2000). To establish ineffective assistance of counsel, an applicant must show that trial counsel's performance fell below an objective standard of reasonableness and that, but for trial counsel's actions, there is a reasonable probability that the result of the proceedings would have been different. *Wiggins v. Smith*, 539 U.S. 510 (2003); *Strickland v. Washington*, 466 U.S. 668 (1984); *Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005); *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999). The appellate court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance; and appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Stafford v. State*, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991).

The record before this court supports the trial court's factual findings concerning appellant's claims of ineffective assistance of counsel and supports the trial court's legal

conclusion that appellant did not carry his burden in establishing these claims. The record does not support appellant's claims that his trial counsel was ineffective. The second issue is overruled.

Appellant has failed to establish that the trial court abused its discretion by denying his application for writ of habeas corpus. Therefore, all of appellant's arguments are overruled.

The order of trial court is affirmed.

PER CURIAM

November 18, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.