IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,719-03






EX PARTE RICHARD IBEY GRAMMER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 34,993-B IN THE 124TH DISTRICT COURT


FROM GREGG COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to fifteen years' imprisonment. He did not appeal his conviction.

 Applicant's 15-year sentence was ordered to run consecutively with his sentences in cause
numbers 28213-B and 28215-B, and Applicant was credited with 386 days of pre-sentence jail time. 
In a single ground, he contends that his 15-year sentence should have begun running on December
1, 2005. On that date, he had been released to parole, and his sentences in cause numbers 28213-B
and 28215-B had, he says, ceased to operate. Ex parte Kuester, 21 S.W.3d 264, 271 (Tex. Crim.
App. 2000). We disagree. Under Applicant's reasoning, his 15-year sentence should have begun
running before he even committed his offense. 

 We do believe, however, that the record should be further developed. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order
the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit stating
how Applicant's 15-year sentence is being calculated. The affidavit shall also state whether his
sentences in cause numbers numbers 28213-B and 28215-B had ceased to operate when his 15-year
sentence was imposed and, if so, why they had ceased to operate. Finally, the affidavit shall state
whether Applicant submitted a claim to the time credit resolution system of TDCJ, and if so, the date
his claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the
hearing. Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make further findings of fact and conclusions of law (1) as to whether
Applicant has properly exhausted his administrative remedies as required by Tex. Gov't Code §
501.0081(b)-(c). The trial court shall also make further findings and conclusions as to whether
Applicant's 15-year sentence is being calculated properly. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: October 31, 2012

Do not publish
1. In its original findings and conclusions, the trial court recommended in the alternative
that we dismiss this application under Article 11.07, § 4 of the Code of Criminal Procedure. In
his initial application, Applicant claimed that trial counsel failed to file a notice of appeal. This
claim did not "challenge" the conviction. Ex parte McPherson, 32 S.W.3d 860, 861 (Tex. Crim.
App. 2000).