IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,014-01






EX PARTE ANCELVO GILAELAMADRID-HOCK, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2005CR1764 IN THE 226TH DISTRICT COURT


FROM BEXAR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
and sentenced to twenty years' imprisonment. 

 Applicant contends that his appellate counsel rendered ineffective assistance because his
claims arising from a motion for new trial hearing, although briefed, could not be properly reviewed
because counsel failed to have the hearing transcribed for the appellate record. He asks for a new
appeal with the omitted transcript included. This Court's independent review of the record, which
includes a copy of the omitted hearing transcript, shows that the outcome of the appeal would not
have been different had the omitted transcription been included in the appellate record. 

 Trial counsel did not call any witness at the hearing and did not introduce any evidence, so
the trial court had no basis upon which to grant a new trial. See State v. Herndon, 215 S.W.3d 901,
909 (Tex. Crim. App. 2007). The relevant issue on appeal was whether trial counsel was ineffective
for failing to properly present the motion for new trial. See Gilaelamadrid-Hock v. State, No.
07-06-0295-CR (Tex. App.--Amarillo Jan. 16, 2008). Because there was no testimony at the motion
for new trial hearing regarding counsel's reasons for not calling any witness or introducing evidence
at that same hearing, the record on appeal was inadequate to address the ineffective assistance of
counsel claim. See Bone v. State, 77 S.W.3d 828 (Tex. Crim. App. 2002). Applicant's request for
a new appeal is therefore denied.

 This Court notes that, should Applicant file another writ application concerning this
conviction, that writ application would not be barred as a subsequent application under Code of
Criminal Procedure Article 11.07, Section 4. Applicant has requested only a new appeal in this writ
application and has not yet challenged the merits of this conviction. See Ex parte McPherson, 32
S.W.3d 860, 861 (Tex. Crim. App. 2000).

Filed: September 25, 2013

Do not publish