IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,883-04






EX PARTE RUSSELL KEVIN THOMPSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 03CR0733-83-3 IN THE 122ND DISTRICT COURT


FROM GALVESTON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to eighteen years' imprisonment. The Fourteenth Court of Appeals affirmed
his conviction. Thompson v. State, No. 14-05-01137-CR (Tex. App.--Houston [14th Dist.], pet.
ref'd).

 Applicant contends that the State engaged in misconduct, the jury charge was erroneous, and
trial and appellate counsel rendered ineffective assistance. The trial court concluded that this is a
subsequent application under Article 11.07, § 4 of the Code of Criminal Procedure and that
Applicant's claims could have been or were raised in previous applications. We disagree. We
dismissed the -01 application because Applicant's direct appeal was pending and his conviction was
not final. A dismissal is not a final disposition under § 4. Ex parte Torres, 943 S.W.2d 469, 474
(Tex. Crim. App. 1997) ("Given the Legislature's reliance upon federal abuse of the writ doctrine
and their intent to give and limit applicants to 'one bite of the apple,' we believe that a 'final
disposition' of an initial writ must entail a disposition relating to the merits of all the claims raised").
In the -03 application, Applicant contended that appellate counsel failed to file a timely petition for
discretionary review. This was not a challenge to the conviction under § 4. Ex parte McPherson,
32 S.W.3d 860, 861 (Tex. Crim. App. 2000) ("Because Applicant's initial application seeking an
out-of-time appeal did not pertain to the validity of the prosecution or the judgment of guilt, it was
not a challenge to the conviction invoking the procedural bar of Article 11.07 § 4").

 We agree, though, with the trial court's recommendation to deny this application. Based on
our own independent review of the record, we find that Applicant's claims are without merit. This
application is denied. 


Filed: January 29, 2014

Do not publish