IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-75,914-05, -06, -07 & -08






EX PARTE RICARDO CAVAZOS, Applicant









ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS

CAUSE NOS. 51,006-C, 51,007-C, 51,008-C, & 51,009-C IN THE 251st DISTRICT
COURT

FROM POTTER COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual
assault of a child, twice of aggravated sexual assault of a child, and indecency with a child. He was
sentenced to imprisonment for twenty years on the sexual assault of a child conviction, for life and
sixty years on the aggravated sexual assault of a child convictions, and for ten years on the indecency
with a child conviction. The Seventh Court of Appeals initially dismissed Applicant's appeals for
want of jurisdiction. Cavazos v. State, Nos. 07-10-00391-CR, 07-10-00392-CR, 07-10-00393-CR,
and 07-10-00394-CR (Tex. App.--Amarillo, delivered October 6, 2010, no pet.). After the
Applicant was granted out-of- time appeals by this Court, the Seventh Court of Appeals affirmed
these convictions, with the exception of Cause No. 51,006-C, which was affirmed as modified. 
Cavazos v. State, Nos. 07-12-00135-CR, 07-12-00136-CR, 07-12-00137-CR, and 00138-CR (Tex.
Crim. App.--Amarillo, delivered January 3, 2013, no pet.). 

 Applicant contends that his open pleas of guilty were involuntary because trial counsel
erroneously advised him that the State would not be opposed to the granting of deferred adjudication
in these cases. The State responds that Applicant's writs are barred by the subsequent writ
provisions of Art. 11.07, § 4 of the Texas Code of Criminal Procedure. However, the Applicant's
previous applications only raised claims for out-of-time appeals and did not attack the underlying
validity of the convictions in these cases. Therefore, these applications are not procedurally barred
by Section 4. Ex parte McPherson, 32 S.W.3d 860 (Tex. Crim. App. 2000). 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his pleas were involuntary. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: March 12, 2014

Do not publish