# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00575-CR

## Ex parte Kelly James McCarty

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 30842B, HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

Article 11.072 of the Code of Criminal Procedure, the statute pursuant to which McCarty filed his application for writ of habeas corpus, explicitly states that the application "must" challenge the legal validity of either the conviction for which community supervision was imposed or the conditions of community supervision.[1] McCarty's application challenges neither—instead, he seeks only an out-of-time appeal. The Court of Criminal Appeals, in the context of an application for writ of habeas corpus filed pursuant to article 11.07, has characterized a request for an out-of-time appeal as seeking "only an opportunity to appeal."[2] Such a request is not, according to the high court, "a challenge to the conviction" and does not "concern the validity of the prosecution or the judgment of guilt."[3] Following the same logic, this Court has previously held (albeit in an unpublished opinion) that a complaint concerning the denial of a right to appeal, including a request

---

[1] Tex. Code Crim. Proc. art. 11.072, § 2(b).

[2] *Ex parte McPherson*, 32 S.W.3d 860, 861 (Tex. Crim. App. 2000).

[3] *Id*.

for an out-of-time appeal, is "not a valid claim under article 11.072."[4]  Unless and until the Court of Criminal Appeals instructs us otherwise, I would rely on the same logic today.

Whether McCarty has, or ought to have, *some* remedy in his circumstances may be another matter, but he has invoked only article 11.072, and courts are bound to construe and apply the statute as the Legislature has given it to us.  I cannot conclude that the trial court abused its discretion in denying McCarty's request for an out-of-time appeal on the ground that article 11.072, as written and as applied to this record, does not authorize such relief.  Accordingly, I respectfully dissent.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Bourland

Filed:   April 29, 2015

Do Not Publish

---

[4] *Ex parte Sheikh*, No. 03-10-00370-CR, 2012 Tex. App. LEXIS 7098, at *41-43 (Tex. App.—Austin Aug. 17, 2012, pet. ref'd) (mem. op., not designated for publication).