

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-82,807-01

### Ex parte JUSTIN TODD VALDEZ, Applicant

## ON APPLICATION FOR AN ORIGINAL WRIT OF HABEAS CORPUS
## CRIMINAL ACTION NO 41070 IN THE COUNTY COURT AT LAW
## CALDWELL COUNTY

**KELLER, P.J., filed a concurring opinion in which KEASLER, HERVEY and YEARY, JJ., joined.**

I join the Court's opinion, but I write separately to address whether article 11.072[1] is an available remedy for a claim that seeks an out-of-time petition for discretionary review ("PDR") from a judgment imposing community supervision. I do not agree that article 11.072 is an available remedy for such a claim.

Article 11.072, § 2(b) provides that "the application must challenge the legal validity of: (1) the conviction for which or order in which community supervision was imposed; or (2) the

---

[1] TEX. CODE CRIM. PROC. art. 11.072.

conditions of community supervision."[2]  The present application obviously does not challenge the conditions of community supervision.  What is relevant to the present case, though, is that a request for an out-of-time PDR would also not seem to challenge the legal validity of a conviction or community-supervision order.

In construing similar language found in Article 11.07, § 4 (establishing the prohibition against subsequent applications in Article 11.07), we held, in *Ex parte Evans*, that a "challenge to a conviction" meant a claim regarding "the validity of the prosecution or the judgment of guilt."[3] We concluded that, under this definition, a complaint about parole revocation was not a challenge to the conviction.[4]  Consequently, because § 4 created a procedural bar only after a defendant filed an initial application "challenging the same conviction," a prior application complaining solely about a parole revocation did not prevent us from considering a subsequent application.[5]

Following *Evans* in *Ex parte McPherson*, we held that a request for an out-of-time appeal was not a challenge to the conviction under Article 11.07, § 4.[6]  We explained:

> Applicant's initial application seeking an out-of-time appeal did not directly seek to overturn the conviction. His claim that counsel failed to preserve his right to appeal did not concern the validity of the prosecution or the judgment of guilt. Applicant might have challenged the validity of the prosecution or judgment of guilt in any out-of-time appeal granted him. But the validity of the conviction itself was not called into question by the filing of the initial application, which sought only an

---

[2]  TEX. CODE CRIM. PROC. art. 11.072, § 2(b)(1), (2).

[3]  964 S.W.2d 643, 646-47 (Tex. Crim. App. 1998).

[4]  *Id.* at 647.

[5]  *Id.*

[6]  *Ex parte McPherson*, 32 S.W.3d 860, 860-61 (Tex. Crim. App. 2000).

opportunity to appeal in the court of appeals.[7]

Consequently, we held that a prior application requesting an out-of-time appeal does not trigger the procedural bar to considering a subsequent application.[8] And relying in part upon *McPherson*, we have concluded that a subsequent application was not barred as a result of a prior request for an out-of-time PDR.[9]

The similarity in the language of Article 11.072, § 2(b) and of Article 11.07, § 4 weighs strongly in favor of applying the *Evans* construction to § 2(b), especially considering that both statutes establish procedures for filing applications for writs of habeas corpus. Another factor favoring such a construction is that *Evans* and *McPherson* were decided years before Article 11.072 was enacted, so the legislature was on notice of our construction of the similar language found in Article 11.07.[10]

Moreover, construing Article 11.072, § 2(b) in this way allows the subsequent-application prohibition in Article 11.072 to operate in the same way as the subsequent-application provision in Article 11.07—which ultimately benefits applicants. The subsequent-application provision in Article 11.072 is found in § 9, but unlike its counterpart in Article 11.07, it contains no language regarding challenges to the conviction:

> If a subsequent application for a writ of habeas corpus is filed after final disposition of an initial application under this article, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains

---

[7] *Id.* at 861.

[8] *Id.*

[9] *Ex parte Rodriguez*, 466 S.W.3d 846, 849 n.8 (Tex. Crim. App. 2015).

[10] *See* Acts 2003, 83rd Leg., ch. 410 (S.B. 344), § 1.

sufficient specific facts establishing that the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application.[11]

Under the unambiguous language of § 9, *any* application that brings a claim under Article 11.072 could trigger the procedural bar to subsequent applications.[12] The failure to insert "challenging the conviction" language in § 9 makes sense because Article 11.072 is also a vehicle for challenging the conditions of community supervision,[13] and the legislature obviously intended such challenges to trigger the § 9 bar to subsequent applications. To prevent the § 9 bar from being triggered by a request for out-of-time appeal or PDR, then, claims involving such requests would need to be excluded entirely from the Article 11.072 framework.

It has been argued that the § 9 bar would not be triggered because such relief would not constitute the "final disposition of an initial writ application." This contention is accurate only when the initial application raised other claims that were not resolved on the merits or when an out-of-time

---

[11] TEX. CODE CRIM. PROC. art. 11.072, § 9(a).

[12] *See Ex parte Whiteside*, 12 S.W.3d 819, 821 (Tex. Crim. App. 2000) ("Under the plain language of the statute, once an applicant files an application challenging the conviction, all subsequent applications regarding the same conviction must meet one of the two conditions set forth in § 4(a)(1) & (2). The Legislature modified 'initial application' with the phrase 'challenging the same conviction' but did not so modify 'subsequent application.' The lack of any language modifying 'subsequent application' plainly indicates the Legislature's intent that 'subsequent applications' include *all* subsequent habeas corpus applications regarding the same conviction, rather than only those that 'challenge' the conviction.") (emphasis in original). Caselaw in the Article 11.07 context that requires a final disposition of an initial application in order to trigger the subsequent writ bar would, presumably, also apply to require the final disposition of all claims raised in an application in order to trigger Article 11.072's § 9 bar. *See Ex parte Torres*, 943 S.W.2d 469, 474 (Tex. Crim. App. 1997) ("'[F]inal disposition' of an initial writ must entail a disposition relating to the merits of all the claims raised.").

[13] *See* TEX. CODE CRIM. PROC. art. 11.072, § 2(b)(2).

appeal or PDR was *granted*, resulting in a resetting of the proceedings for habeas purposes. The contention is inaccurate when the request for an out-of-time appeal or PDR is the sole claim in the application and the application is *denied*. The applicant in *Torres* had raised several claims in addition to his request for an out-of-time appeal.[14] We held that a "'final disposition' of an initial writ must entail a disposition relating to the merits of *all* the claims raised."[15] Because we decided only Torres's out-of-time appeal claim, his "remaining claims were not decided on the merits" and thus, because there were unresolved claims, we did not finally dispose of his application.[16] We also said that granting an out-of-time appeal causes any "remaining substantive claims [to] become premature, and hence, subject to dismissal."[17]

*McPherson* addressed a situation in which the request for an out-of-time appeal in the initial writ application was *denied*, and that request was the only claim in the prior application. In addressing McPherson's subsequent application, the Court decided that a request for an out-of-time appeal was not a challenge to the conviction and, as a result, it did not trigger the § 4 bar, which contained the "challenging the conviction" requirement.[18] The Court's opinion in *McPherson* could have easily cited *Torres* if the holding in that case were that the subsequent writ bar is *never* triggered by the request for an out-of-time appeal, even if the request is denied. But the Court's

---

[14] *Torres*, 943 S.W.2d at 474.

[15] *Id.* (emphasis added).

[16] *Id.*

[17] *Id.* at 472.

[18] *Id.* at 861.

opinion in *McPherson* did not mention *Torres* (though it was mentioned by the dissent).[19] The Court in *McPherson* needed to conclude that a request for an out-of-time appeal was not a "challenge to the conviction" in order to avoid the § 4 bar because there clearly was a "final disposition" of McPherson's prior application.

*Ex parte Rodriguez* provides no further support for the view that an 11.072 writ is the appropriate vehicle for an out-of-time PDR. *Rodriguez* held that "[b]ecause applicant's first application was resolved solely on the out-of-time PDR claim, there was no final disposition of a claim that *challenged the conviction*."[20] The parenthetical in *Rodriguez* to the cite to *Torres* explained that because the out-of-time appeal "was the sole basis for disposing of [the] prior application, there was no final disposition *of other claims raised therein.*"[21] Notably, the initial application in *Rodriguez* raised multiple claims, only one of which was a request for an out-of-time PDR.[22] At least one of the other claims was a jurisdictional challenge,[23] which clearly was a challenge to the conviction. Because the jurisdictional challenge raised in the first application was not resolved, there was no final disposition of the first application—making *Rodriguez* factually like *Torres*. Nevertheless, *Rodriguez* also cited *McPherson* for the proposition that a "request for [an] out-of-time appeal does not constitute a challenge to the conviction."[24] That is, even if the request

---

[19] *See McPherson*, *passim*; *id.* at 862 (Womack, J., dissenting).

[20] 466 S.W.3d at 849 n.8 (emphasis added).

[21] *Id.* (emphasis added).

[22] *Id.* at 848-49.

[23] *Id.*

[24] *Id.* at 849 n.8.

for an out-of-time PDR had been the *only* claim in the application, making the disposition of that application a final disposition, the Article 11.07, § 4 bar would still not have been triggered because such a claim did not challenge the conviction.

*Ex parte Martinez*,[25] is equally unhelpful because that opinion is unpublished and has no precedential value. Moreover, it did not hold that an applicant could file an out-of-time appeal claim in an Article 11.072 application. That proposition is found only in a concurring opinion, and that concurrence is problematic, not only for the reasons given here, but also because it suggested to Martinez that he could file a subsequent application and allege a due-process violation resulting from his initial habeas application—a proposition that is inconsistent with authority from this Court.[26]

In summary, I conclude that § 2(b) excludes a request for an out-of-time PDR from Article 11.072 because such a request does not challenge the legal validity of the conviction for which or order in which community supervision was imposed. Therefore, Article 11.072 is not an available vehicle for requesting an out-of-time PDR in applicant's case.

If Article 11.072 is not available, then what does an applicant do? The appropriate remedy would be to file a "Constitutional" writ application *in the trial court*. If the trial court grants relief, then applicant gets to file his out-of-time PDR. If the trial court considers the application but denies relief, then the applicant could appeal that denial to the court of appeals. If the trial court refuses to consider the application, and applicant has filed in the appropriate trial court (the one which imposed

---

[25] No. PD-1801-10, 2011 Tex. Crim. App. Unpub. LEXIS 490 (Tex. Crim. App. June 29, 2011) (not designated for publication).

[26] *Ex parte Kerr*, 64 S.W.3d 414, 420 (Tex. Crim. App. 2002) ("Similarly, the second habeas filing dealt solely with a stay of execution and an allegation of ineffective assistance of the original habeas counsel. Applicant is not being restrained because of the conduct of his original habeas counsel.").

his community supervision), *then* he could file a "Constitutional" writ application with this Court.

Filed: May 4, 2016
Publish