

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-79,962-04

### EX PARTE OMAR ALBERTO RAMIREZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W00-50891-N (C) IN THE 195th DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*. *Alcala, J., concurs.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and sentenced to life imprisonment. The Eleventh Court of Appeals affirmed his conviction. *Ramirez v. State*, No. 11-01-00230-CR (Tex. App.—Eastland July 25, 2002) (not designated for publication).

In several allegations, Applicant contends, *inter alia*, that both his trial and appellate counsel rendered ineffective assistance in this case. The trial court recommends that we dismiss this application pursuant to the subsequent writ provisions of TEX. CODE CRIM. PROC. art. 11.07, § 4.

Applicant has filed two prior habeas corpus applications concerning this conviction. The first application, which was denied, requested only an out-of-time petition for discretionary review. The second application was dismissed for non-compliance with TEX. R. APP. P. 73.1. We have held that the procedural bar of § 4 is limited to instances in which an initial application raised claims regarding the validity of the prosecution and judgment. *Ex parte Evans*, 964 S.W.2d 643 (Tex. Crim. App. 1998). And we have also held that a prior application that sought only an out-of-time appeal did not raise a claim that would trigger the procedural bar of § 4. *Ex parte McPherson*, 32 S.W.3d 860 (Tex. Crim. App. 2000). Because Applicant has not filed a previous application that raised claims regarding the validity of the prosecution and judgment, this application is not barred by the subsequent-writ provision of § 4.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order both trial and appellate counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to: (1) whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant; (2) whether the performance of appellate counsel was deficient

and, if so, whether counsel's deficient performance prejudiced Applicant; and (3) whether Applicant's habeas corpus application is subject to being barred by the doctrine of laches. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues, which shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 19, 2016
Do not publish