*Denied 3/28/2018*
*P.C.*

WR-83,943-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/15/2017 4:44 PM
Accepted 12/18/2017 3:15 PM
DEANA WILLIAMSON
CLERK

NO. **WR-83,943-01**

## IN THE TEXAS
## COURT OF CRIMINAL APPEALS
## AUSTIN, TEXAS

### EX PARTE

### KENNETH JAYE MCCLELLAN

### APPLICANT

---

## MOTION FOR REHEARING

---

**TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:**

**COMES NOW** KEENETH JAYE MCCLELLAN and moves this Honorable Court to reconsider its decision of November 15, 2017 and remand the case to the trial court for an evidentiary hearing and would respectfully show unto the Court the following:

1. Applicant requests this Honorable Court remand the cause for an evidentiary hearing because a hearing was requested by Relator in his original Application for Writ of Habeas Corpus. August 25, 2015. (Ex. 1 attached). Three days after the State filed its proposed findings and order and before Applicant could file his proposed findings and order, the trial court recommended relief be

**ELECTRONIC
RECORD**

denied. (Ex. 2 – 3 attached). Applicant was effectively denied an evidentiary hearing that could have provided this Honorable Court with additional facts that could warrant relief for Applicant based on the Court's opinion in this case. For example, Applicant could show that he would not have entered a plea but for the anti-defensive provisions of the statute.

2. Applicant would also respectfully request this Honorable Court revisit the opinion in this case based on the fact that the burden appears to have been placed upon him to show that the unconstitutional provisions had some effect on his decision to enter a plea. Applicant would submit to the court that the party benefiting from the error (the State) has the burden to prove beyond a reasonable doubt that the error did not affect the outcome of the case. *See Phillips v. State*, 193 S.W.3d 904 (2006).

Applicant requests this Honorable Court grant a rehearing and after a rehearing the Court should reverse the conviction and sentence, or in the alternative Applicant requests this Honorable Court to remand this case to the trial court to conduct an evidentiary hearing.

## CONCLUSION AND PRAYER

Applicant moves this case be remanded for hearing so that the record may be

more fully developed at the trial court and for such other and further relief to which the he is entitled.

Respectfully submitted,

/s/ Blake R. Burns
**BLAKE R. BURNS**
bburnslaw@gmail.com
115 North Henderson Street
Fort Worth, Texas 76102-1940
(817) 870-1544 fax (817) 870-1589
State Bar No. 24066989

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Motion has been hand delivered to the Honorable Sharen Wilson Assistant Criminal District Attorney of Tarrant County, Texas on December 15, 2017.

/s/ Blake R. Burns
BLAKE R. BURNS
bburnslaw@gmail.com

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Applicant KENNETH JAYE MCCLELLAN prays this Honorable Court to set this matter for hearing and after a full review to remand the cause for the trial court so that this case may be disposed of in accordance with this Court's holdings in *Ex Parte Lo*, for a termination of his requirement to register as a sex offender, and for other such relief to which the Applicant may show himself justly entitled.

Respectfully submitted,

**BLAKE R. BURNS**
115 North Henderson Street
Fort Worth, Texas 76102-1940
Bar No. 24066989
(817) 870-1544 FAX (817) 870-1589

**NICK DAVIS**
115 North Henderson Street
Fort Worth, Texas 76102-1940
Bar No. 24065123
(817) 870-1544 FAX (817) 870-1589

6



FILED
THOMAS A WILDER, DIST CLEr
TARRANT COUNTY, TEXAS

SEP 1 8 2015

TIME _8:17 am_

BY_____ _MC_ DEPUT

NO. C-371-010555-1060758-A

EX PARTE

§
§
§
§
§
§

KENNETH J. MCCLELLAN

IN THE 371ˢᵗ JUDICIAL

DISTRICT COURT OF

TARRANT COUNTY, TX

## STATE'S PROPOSED MEMORANDUM, FINDINGS OF FACT AND CONCLUSIONS OF LAW

The State proposes the following Memorandum, Findings of Fact and Conclusions of Law regarding the issues raised in the present Application for Writ of Habeas Corpus.

## MEMORANDUM

The applicant, KENNETH J. MCCLELLAN ("Applicant"), alleges that he is being unlawfully confined because the statute under which he was convicted has been declared unconstitutional. *See* Application, p. 6.

In light of Applicant's contentions and the evidence presented in the Writ Transcript, the Court should consider the following proposed findings of fact and conclusions of law:

## FINDINGS OF FACT

*General Facts*

1. Applicant pled guilty, pursuant to a plea agreement, to the second degree felony offense of solicitation of a minor under 14 – online on November 28, 2007. *See* Judgment, No. 1060758D.



EXHIBIT
2

2. In accordance with the plea agreement, Applicant was sentenced to three years confinement in the Texas Department of Criminal Justice – Institutional Division. *See* Judgment.

3. Applicant did not appeal his conviction. *See* Criminal Docket Sheet, No. 1060758D.

*Statute*

4. The indictment alleged that Applicant solicited a minor online "to meet with [Applicant] with the intent that the minor would engage in sexual contact, sexual intercourse, or deviate sexual intercourse, with said defendant." *See* Indictment, No. 1060758D.

5. Applicant was indicted and convicted for the offense of online solicitation of a minor under §33.021(c). *See* Indictment; Tex. Penal Code §33.021(c).

# CONCLUSIONS OF LAW

*General Law*

1. In a habeas corpus proceeding, the burden of proof is on the applicant. *Ex parte Rains*, 555 S.W.2d 478, 481 (Tex. Crim. App. 1977). An applicant "must prove by a preponderance of the evidence that the error contributed to his conviction or punishment." *Ex parte Williams*, 65 S.W.3d 656, 658 (Tex. Crim. App. 2001).

2. Relief may be denied if the applicant states only conclusions, and not specific facts. *Ex parte McPherson*, 32 S.W.3d 860, 861 (Tex. Crim. App. 2000). In addition, an applicant's sworn allegations alone are not sufficient to prove his claims. *Ex parte Empey*, 757 S.W.2d 771, 775 (Tex. Crim. App. 1988).

*Statute*

3. Subsection (b) of section 33.021 of the Texas Penal Code was facially unconstitutional. *See Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013);

2

*see also Ex parte Chance*, 439 S.W.3d 918 (Tex. Crim. App. 2014); *Freeman v. State*, 425 S.W.3d 289 (Tex. Crim. App. 2014).

4. Because Applicant was convicted under subsection (c) of section 33.021 of the Texas Penal Code, the holding that subsection (b) of section 33.021 of the Texas Penal Code is unconstitutional does not apply to Applicant.

5. This Court recommends that Applicant's sole ground for relief be **DENIED**.

WHEREFORE, the State prays that this Court adopt these Proposed Findings of Fact and Conclusions of Law and recommend that Applicant's application be **DENIED**.

Respectfully submitted,

SHAREN WILSON
Criminal District Attorney
Tarrant County

Andréa Jacobs, Assistant
Criminal District Attorney
State Bar No. 24037596
401 West Belknap
Fort Worth, TX 76196-0201
Phone:      817/884-1687
Facsimile:  817/884-1672

## CERTIFICATE OF SERVICE

A true copy of the above has been mailed to Applicant, Mr. Kenneth J. McClellan, by and through his attorney of record, Hon. Blake Burns, at 115 N. Henderson Street, Fort Worth, Texas 76102 on the 18th day of September, 2015.

Andréa Jacobs

3

## CERTIFICATE OF COMPLIANCE

The total number of words in this State's Proposed Findings of Fact and Conclusions of Law is **4422** words as determined by the word count feature of Microsoft Office Word 2010.

Andréa Jacobs

4

## NO. C-371-010555-1060758-A

| | | |
|---|---|---|
| **EX PARTE** | § | **IN THE 371st JUDICIAL** |
| | § | |
| | § | **DISTRICT COURT OF** |
| | § | |
| **KENNETH J. MCCLELLAN** | § | **TARRANT COUNTY, TX** |

## ORDER

The Court adopts the State's Memorandum, Findings of Fact and Conclusions of Law as its own and recommends that the relief KENNETH J. MCCLELLAN ("Applicant") requests be **DENIED**. The Court further orders and directs:

1. The Clerk of this Court to file these findings and transmit them along with the Writ Transcript to the Clerk of the Court of Criminal Appeals as required by law.

2. The Clerk of this Court to furnish a copy of the Court's findings to Applicant, Mr. Kenneth J. McClellan, by and through his attorney of record, Hon. Blake Burns, at 115 N. Henderson Street, Fort Worth, Texas 76102 (or to Applicant's most recent address), and to the post-conviction section of the Criminal District Attorney's Office.

SIGNED AND ENTERED this _____ day of _____, 2015.

_____
JUDGE PRESIDING

1

FILED
THOMAS A WILDER, DIST CLERK
TARRANT COUNTY, TEXAS

SEP 21 2015

TIME _9:52 am_

BY_____ DEPUTY

NO. C-371-010555-1060758-A

| EX PARTE | § | IN THE 371st JUDICIAL |
| | § | |
| | § | DISTRICT COURT OF |
| | § | |
| KENNETH J. MCCLELLAN | § | TARRANT COUNTY, TX |

## ORDER

The Court adopts the State's Memorandum, Findings of Fact and Conclusions of Law as its own and recommends that the relief KENNETH J. MCCLELLAN ("Applicant") requests be **DENIED**. The Court further orders and directs:

1. The Clerk of this Court to file these findings and transmit them along with the Writ Transcript to the Clerk of the Court of Criminal Appeals as required by law.

2. The Clerk of this Court to furnish a copy of the Court's findings to Applicant, Mr. Kenneth J. McClellan, by and through his attorney of record, Hon. Blake Burns, at 115 N. Henderson Street, Fort Worth, Texas 76102 (or to Applicant's most recent address), and to the post-conviction section of the Criminal District Attorney's Office.

SIGNED AND ENTERED this _21_ day of _September_ 2015.

_____
JUDGE PRESIDING



EXHIBIT
3

1