IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-72,942-03




EX PARTE JAMES RAY MIKE, JR., Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W06-30152-M (B) IN THE 194TH DISTRICT COURT
FROM DALLAS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault


 and sentenced to thirty-seven years’ imprisonment. The Fifth Court of Appeals dismissed
his appeal. Mike v. State, No. 05-08-00918-CR (Tex. App.—Dallas 2008, no pet.).
            Applicant contends, among other things, that trial counsel rendered ineffective assistance
because he failed to subpoena Ahmad Maarouf. The trial court found that this is a subsequent
application under Article 11.07, § 4 of the Code of Criminal Procedure and recommended that we
dismiss this application. In the -01 application, Applicant contended in a single ground that he was
denied his right to an appeal. This was not a “challenge” to the conviction as contemplated by § 4.
Ex parte McPherson, 32 S.W.3d 860, 861 (Tex. Crim. App. 2000). Accordingly, Applicant’s present
claims are not procedurally barred by § 4, as the trial court found.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant’s above claim. The trial court may use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall first make findings of fact as to whether the exhibits Applicant cites in
his memorandum were filed with his application but not forwarded to this Court with the habeas
record. After reviewing counsel’s response and any exhibits that might have been filed but not
forwarded with the habeas record, the trial court shall determine whether trial counsel’s conduct was
deficient and, if so, whether Applicant was prejudiced. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: November 27, 2013
Do not publish