In to the Texas Court of Criminal Appeals and For the
Justices thereof,

**84,262**

Inre: Joel Aguirre,Pro Se Capacity, §Tr.Ct.Case#C-432-010495-1255195-A
APPLICANT/ Relator, § C-432-010496-1255195-B
Versus, §
George Gallaghes,habeas corpus judge, § TCCA case#_____ ~~RECEIVED IN~~
for/to the 432nd Judicial District §
Court of Tarrant County,Texas;undec- § **COURT OF CRIMINAL APPEALS**
ipherable signature of judge who signed §
memorandum and ORDER of 6/26/2015;Clerks§ **DEC 17 2015**
for said habeas Court'(s) judge(s),et la. §
Respondent(s) §

**Abel Acosta, Clerk**

Relator's Original Application For A Writ of Mandamus Pursuant to § 22.221
(b) of the Texas Government Code;Rules 72.1 & 72.2 Of Texas Rules Of Appel-
late Procedure.Among Other laws That Apply....

To the Texas Court of Criminal Appeals,and Respondent(s) of interest:

Let there be understanding,that now comes,One Joel Aguirre,a pro se Applicant in
the lower Courts,and Relator herein after,sub judice,and in the above styled,Ca-
ption and numbered causes,cases of action,and proceeding in his pro se capacity,
files [t]his application for a writ of mandamus,pursuant to Texas Government Co-
de,§ 22.221(b) and Rules 72.1 and 72.2 of the Texas Rules of Appellate Procedure,
complaining of Texas and United States Constitutional rights violations of Your
Relator,by the said Respondent(s) and invoking the jurisdiction of this Superior
Court of the Criminal Appeals,pursuant to Article 5,§ A of the Texas Constitut-
ion.**Curry V.Wison**,853 S.W.2d 40,43 & n.1(Tex.Cr.App.1993);**Garcia V.Dial**,596 S,W.
2d 524,527-28,& n.4(Tex.Cr.App.1980):Cf.**Dennis V.State**,647 S.W.2d 275,Supra(Tex.
Cr.App.1983).Thus,Rlator files [t]his writ of mandamus for docketing and process-
ing it to be issued against and upon the habeas corpus presiding judge,George Ga-
llaghes,of the 432 2nd Judicial District Court of Tarrant County of the State of
Texas,for abusing his judicial discretion,and authority,in acting outside the sc-
ope of the law and judicial authority,and thus,for intentionally failing and re-
fusing to perform his ministerial duites and legal obligations under and pursuant
to State of Texas Constitutional laws,and statutory state laws emplaced for jud-
ges guidelines and principles of law-provisions under writ of habeas corpus bas-
is in due process of law.Inwhich **Shall** be a writ of right and never be suspended,
i.e.,Article 1.08 of the TEXAS Code of Criminal Procedure;as well as Article I,§
12 of the Texas Constitution and Article 11.07,§ 3(b)(TCCP).And will state the
following reasons why mandamus is necessary,to wit:

I.A.

1st and foremost,Respondent(s) in this case and cause of action,have not proper-
ly and legally processed,docketed and _ _ filed Relator's application for a writ
of habeas corpus amendment and supplemental brief,filed and served upon all per-
tinent respondents in the lower Court's jurisdictional division or in any State
of Texas Court with exclusive or original jurisdiction over cause#C-432-010495-
1255195-AD and C-432-010496-1255195-D(or as A & B at the end of each citation)
and Party(s) of interest.But inwhich **Respondent(s)** in this mandamus proceeding -
is allegedly the habeas corpus judge,George Gallaghes,a State elected or appoin-
ted or siiting by assignment,as to an unknown date and who supposely adopted the
unkonwn State's memorandum of some cansoled and withdrawn issues filed by an of-
fender without Applicant's/Relator's consent.But,the fact that some illegal thi-
rd party interveners have intervene and hindered Relator's access to obtain the
legal remedies habeas corpus provisions provide,is evident that fraud was perpe-
trated upon the State Of Texas Said Court and its judges.ALONG,and upon Your Re-
lator.That is,Sharen Wilson and Andra Jacobs names are being used to dismiss a-
nd deny Relator's Constitutional violation claims and thereby,not heard by the
habeas corpus Court's judge,and thereafter,not heard by the **TCCA's** justices....

1.plead.

. In which,your Relator subsequently,to his induced,illegal and unlawful petition submitted,was amended in timely matters,before the unconfirmed response was presented to the alleged trial or habeas corpus Court.On or About 11/2/2015.That Applicant's motion was entitled :"APPELEANT"S NOTICE TO AUGMENT THE RECORD AND TO TIMELY AMEND AND SUPPLEMENT HIS ORIGINAL FILED PETITION FOR A-WRIT OF HABEAS CORPUS,AD TESTIFICANDUM,Pursuant to rule 33.2(a),(b),(c)(1)(1),(B),(e)(f) & (38.7 et seq of the Texas Rules of Appellate Procedure,Among others cited and Invoked"...Thus,signed and delivered on 11/2/2015...When,thereafter,on 11/9th/2015,**Jacobs and Wilson**,hereinafter,interveners,proposed a baseless and groundless alleged memrandum,findings of fact and Conclusions of law regarding the issues raised in their[interveners] findings and submitted conter-contentions. SEE the interveners copy submitted to your Relator....submitted these items to show bad faith prosecution on the part of The Texas Department of Criminal Justice,governed by **Brad Livingston**,and through his agent(s),**Edgar D.Baker**,as the actual and legal Custodian of record,and jailer who holds your Relator hostaged and restrained of of his liberty ,as per-the illegal and unlawful State Court's conviction.**Prounced by Gallaghes as** ,the presiding judge of trial.Whom **himself** never legally acquired subject-matter jurisdiction over the causes in dispute & nor jurisdiction over your Applicant,Relator sub judice.....Evenmoeover,there is another interder sitting as an imposter for a judge,in an unauthorized alleged memorandum and its ORDER for designation of future resolutions.See exhibits 3-K & 3-L(with 3-A to 3-M).Not only is there no law citation within that baseless and illegal motion practice brief,but the undecipherablesignature,with an unidentifiable name,is what is scribed as a mark for what appears to be for a presiding or sitting judge,on 6/26th/2015...And such fraudulent indications are comoflauged with some stamp-mark imaging some magistrate for Tarrant County,but no Texas notice **to** confirm **[sic]** that undercipherable phantom judge **Which** unidentifiable judge,was not that judge who prosided **over the[ir]**memorandum that merely implies"there are controverted,previously unreasolved facts which are material to the legality of Applicant's confinment requiring designation of the issues for future resolutions" Id.at exhibt 3-K...Dated 6/26/2015...These unauthorized briefed inconclusive or conclusionary allegations  for **Jay Coballeero** and the warden of the Mark Wayne Michael Unit,who holds Relator unlawfully, confind,as stated in Relator's COMPLUSORAR counter claim(s) and motion to amend the writ of habeas corpus issued by illegal inmate intervention(inmate Mr.Green) who was not authorized to send any frivolous claims.But,nonetheless,Relator timely sent **his** motion to amend on time,before any alleged habeas corpus proceedings took effect and the legal person(s) of interest were served.So no party has thus been served process of service...Which Relator's Counter-claim contends against such wrong and illegal third Party'(s) intervention and explains why and how they are obstructing justice.See the seven page motion to amend,at exhibit 4-A TO 4-G(4-H to 4-L are the counter-claim exhibits).

**B)** **The** Respondent(s)  is involved in the habeas corpus proceedings below,and is intentionally failing to act as requested by Your Relator,and that breach of her/his [it] public fiduciary duty ,and legal obligations is a failure to perform [a] ministerial fuction,as a matter of law and under the facts of this case because a conflict of interest exist.The trail Court's officials or officers interwined with Relator's causes on appeal,state,"inter alia,varies violations of State and federal laws by the PROSECUTING ATTORNEYS...Thus,asserting numerous civil common-law violations by said trial Court's Prosecutors and trial judge,as well as their Court appointed defense counsel's intentional breach of duty.Rather than re-iterate the arguments,authorities,legal arguments,factual recitations of law,and points/grounds raised as issues of gf fact and law for the purpose of this writ of mandamus,those factual recitations of law and legal arguments of Relator's – Compulsoray Counter-claims brief and motion to amend are incorporated by reference into this Relator's mandamus application,as if set out entirely hereintoo,as well as **his** exhibition submitted contemporaneously,and will,therefore,be argued together in connection with this mandamus proceeding.**DeLeon V.District Clerk**,187 S.W.3d 473,474-75(Tex.Cr.App.2006).

**C)** The Respondent'(s) failure to act upon Relator's application for a writ of habeas corpus,ad testificandum as amended on or about 11/2/2015;along with Relator's motion for sanctions and compulsory counter claims elaberating what is the relief Relator seeks  against the Respondent(s) or and her/his  suborinater(s)-

2.Plead,

'as the Recalcitrant Clerk(s) who will refuse and has refused to file,docket and properly process Relator's writ of habeas corpus in its written true contents,as properly executed documents which claim Civil Rights actions involving [his] fundamental Constitutional rights guarantees pursuant to the United States Constitutional Amendments,as the **Fourteenth's Cause 1**,among others under due process of law violations in that State of Texas trial Court.But derivative-from the Prosecuting Attorney'(s) induced fraudulent indictment,as found under **Hamilton V.McCotter**,172 F.2d 171,183-84(5th Cir.1985),and State and federal laws cited & cases.See indictment(s) and information thereof in their contents and substance of illigitament or omitted essential and Constituent elements of the alleged offense(s) sought to be charged,by a valid indictment or complaint in a case of criminal allegations or accusations which is the main means by which [the] Court(S) obtains subject-matter jurisdiction,and is "the jurisdictional instrument upon which the accused stands trial."State **V.Chatman**,671 F. 531,538(KAN.1983)!Manriquez **V.State**,943 S.W.2d 115,supra(Tex.Cr.App.1995);Ray **V.State**,3 S.W.3d 623,625(Tex.Cr.App.2000)(other related cases cited in incorporated exhibits).

## II.A.

**Mandamus** relief sought to be compelled is purely a ministerial act to be performed is found under Articlea 11.02,11.03,11.04, &11.07§(1)&(3)(a),(b) & §§ 6 & 7 as well as Articles 11.11,11.13,11.14(1) to (5)(TCCP);**Ex Parte Golden**,991 S.W.2d 859,supra(Tex. Cr.App.1999) and Articles 11.15,11,16,11.19,11.23,11,27,11.28,11.29,11.30(1) to (5),*11.31.11-32,11.36 and 11.40(TCCP).Thus,these said provivisions were cited for invocation of the laws of the State of Texas,as for enforcing Art.1.04 and 1.08(TCCP),and thereby,challenging legal matters related to the validity of the Prosecution and judgment of guilt.Your Relator has exhausted his ability to file,docket and have his causes of action processed in a proper and legal manner,as presented in his petition for a writ of habeas corpus,and thus,the semantics of disposing of an earlier habeas corpus petition that was canceled by your Relator,prior to that unauthorized sitting or retired ghost judge,for the trial habeas Court's judge,on 6/26th/2015 - and then judge **George Gallaghes** unauthorized adoption of the illegal interveners illegal motion response or unlawful brief submitted with no dignified letterhead,State seal or any other mark typically affixed to correspondence certifying its[their]source as a genuine instrumentality of Texas.In fact,there is no decipherable signaure or signatures of **Sharen Wilson and Andrea Jacobs** at the end of their baseless & groundless state response to Relator's petition and memorandum of law,with his exhibits attached insupport of his liberty interest isses raised as Constitutional claims...Wrose yet,the habeas corpus acting alleged judge gives no reason why its inconclusive findings of facts are sustainable against Relator,nor any reasoned arguments to support either factual findings required for an actual denial or and its conclusion of law-missapplied to these cases sub judice.Thus,this is proof of usurpation of power treatment.Hence,the interveners letter for their response is even generated by a generic printer on light grade paper inferior to legal business stationary.Hence,the Respondent(s) erroneously or intentionally failed to address the legal proposed motion to amend and Augment the record,and the Compulsory counter-claims against those fatally defective process ed brief...Thus fraud-upon-the-Courts by interveners,and erroneouly failing to perform his/her fiduciary duty,as a ministerial function to make a ruling on those two subsequent motions to amend and for sanctions against the said interveners... Therefore,this mandamus complaint is to obtain an Order granting Relator's relief against the Respondent(s),as an appeal of his issues subject to these proceedings.Because he has no right or remedy to appeal Respondent'(s) actions or inactions **to strick**--interveners improper/illegal brief practice in this instant case,and must be prohibited from adopting such illegal contentions that only serve to delay and deny justcice on behalf of Your Relator,see also **Guerra V.Garza**,987 S.W.2d 593,supra(Tex.Cr.App.1999).Thus,heretoo,the district trial habeas corpus judge did not have jurisdiction and exceeded his/her/their authority by unilaterally deciding to order designation for future resolution of Applicant's application or some kind of application.Since no title was mentioned as to the type of writ was being addressed?...Thus,judge,**George Gallaghs**,committed usurpation of power on 11/24th/2015,when even the unqualified magistrate had already execised jurisdiction in this case(s) on appeal below,on 6/26th/2015.See exhibit 3-M and compare with 3-L..."Furthermore,it was this imposter judge,with an - -

3 .Plead.

undecipherable signature,and an undetermineable identity,who had not served the proper and legal individual Person[Respondent at habeas corpus appearance to show cause of Relator's unlawful confinement] ,their complaints and summons and affidavits for every party of interest as Respondents,under Oath that said summons and complaints had been delievered to them or him/her or their Attorney(s)...But,**Edgar D.Baker** was not duly and legally served any summons and complaint to deliever the body of this Relator,before that habeas corpus - Court's judge,and would have been no longer detained on the original warrantless arrest papers and fatally defective processed void indictment(s) or information thereof,but under the authority of the habeas judge.i.e,Art.11.32 and 11.45(TCCP);**Boumediene V.Bush**,553 U.S.723,128 S.Ct.2229(2008)(cases cited in the amendedbrief motion & Counter/sanction motion).However,it was the imposter or intruder,as the undetermined application judgewho had prompted and solicited the allegad criminal district Attorney'(s) intervention to respondto claims submitted by an Offender impersonating a paralegal and to impair and hinder Relator's rights to access to the Courts.But,no judge presiding over this Relator's causes of action had subject-matter jurisdiction to hear and decide on any type of Order or give judgment thereafter,if an adoption of illegitimate oppositions would come into existance.And they did...These facts are all documented and undeniable...Therefore,Relator's complaint about the interveners are unattended to by Respondent(s),and the Rlator's motion to amend was not ruled on prior to that Order of 11/24/2015,by **G.Gallaghes**,acting as prsiding assumed judge to the 432 Judicial District Court of Tarrant County,Texas...Inwhich judge **Galleghes**,was exceeding his implied jurisdictional authority by unilaterally deciding to acquire subject-matter jurisdiction over citation causes of convictions under,cases C-432-010495-1255195-D(or and A ?) and C-432-010496-12-55195-D(Or & B ?),from another County and City of Fort Worth Texas.Where judge, **Ruben Gonzalez,Junior** was assigned to preside over said cases sub judice.And,those unconstitutional proceedings were held upon **"Hearing On Rejection of Plea Offer!**...on 11/4/2012.See Reporter's Record,Volume 2 of 6(said causes),page 1-as if under Court of Appeals # 02-12-00509-Cr---There is no numbered Appellate Court to determine what Court of Appeals these proceedings where sent to and **heard** & filed with ? except that an **Angie Taylor**,CSR,RPR Official Court Reporter for the 432nd District Court" is imaged !!phone#(817)-884-2341...Wrose yet,the Parties in dispute are The STATE OF TEXAS AND JOEL AGUIRRE,but no indication who is the Defendant or Appellant or Applicant or Respondent(s) or Appellees ?see said records,as exhibits 5-A(Tr.Ct.R.).These documented transcripts were not Ordered transmitted to the TCCA,nor all pertinent documentation under the alleged indictment(s) or and information thereof.Even wrose yet,no reference to provisions pusuant to 11.07,et seq(TCCP). See exhibit 3-M,also submitted by Relator,Mr.**Joel Aguirre**...That's why it was important for Relator to be bench warranted back to the legal and proper County of Conviction,so as to challenge those defective process of service proceedings held without Relator being present by a general or special appearance,sua sponte,by the habeas judge, and its authority,if any..."Notice of these illegal irregularities is critical to this mandamus claim,because the judge'(s) at the trial Court is a Respondent (s) undertaking such void motion practice by interveners.Thus,Relator has reason to believe that there must be [a] **Scienter** or and an **intruder**,meaning that the[ir]wrongful tort action and unlawful activity,is conduct that is knowingly and deliberately being committed,rather than inadvertent or unintentional..... Advance knowledge of these unprecedented set of circumstances prodded the Conduct complained-of herein,and has provided the[ir]elements **of scienters."It is** therefore,grounds for granting mandamus relief against the Respondent(s) in vacating **it's ORDER or void order** for adopting an illegal third Party's STATE'S Memorandum,Findings of Facts and conclusions of law as its own and **thus,G.Gall**aghes recommendations that the relief JOEL AGUIRRE(Applicant) REQUEST be denied: be Denied....are decisive Orders that must be vacated as void ab initio.State ex rel.Resenthal,98 S.W.3d 194,203(Tex.Cr.App.2003).Therefore,without this **TCCA's** intervention the lower Court's Respondent(s) or its subordinater'(s) inactions will continue to prevent Your Relator's entitlements to legal due process of law and inturn Relator cannot remedy Respondent'(s) misapplication of his,her,their statutes---which is the[ir] unconstitutional incarceration of Relator,and thus,

4.Plead.

the warranted writ of habeas corpus cannot accure untill Relator previals- in this mandaums proceedings for action to be taken.Which includes,not not limited to,this unconstitutional guilty plea will go uncorrected unless the mandamus relief is issued and the result sought by this Aggrieved Relator,corrected as a msnifest ministerial act,as opposed to being a judicial or discretionary - act not to hear Relator's Constitutional claims violations,and said Respondent (s) refused to provide Your Relator an opportunity to be heard,and thus,any adopted baseless opposition brief would be denying Relator his rights to due process of law and that inturn,makes any judgment rendered therefrom against him,void ab initio.Consequently,where there is a Rule providing for relief from a void judgment,and is applicable,relief is not a discretionary matter,but is mandatory. New York Life Ins,CO.V.Brown,84 F.3d 137,142-43 & n.16-17(5th Cir.1996);Ruiz V. Quarterman,504 F.3d 523,527(5th Cir.2007);Cf.Davis V.State,227 S.W.3d 733,736 & m.1-3(Tex.Cr.App.2007);Cf.Dennis V.State,647 S.W.2d 275,supra(Tex.Cr.App.1983), Rule 27.08(4)(TCCP) ALLOWS the TCCA'S judictices to relief a Party...from any - prior issued Order or judgment against him,but that is void because the trial Court's judge that rendered it lacked jurisdiction of the subject-matter,and as in this case at bar,that judge acted in a manner inconsistent with legal due process of law.Hence,mandamus relief is grounded on Relator's absolute rights,clearly and plainly a right that necessitates that the law plainly describe the duty to be performed as it is purely a ministerial act sought to compel the habeas corpus - judge to grant the writ on it's merits,as it is beyond dispute that Relator will previal on the writ's raised claims merits. eLeon,supra,at 474-75;Brown V.Edwards,721 F.2d 1442,1448(5th Cir.1984),in Relator's case too,his guilty plea issues will never be barred because they were never actually legally binding on him as a plea argement in contract matters,and thus,never actually litigated at the trial Court's proceedings.Id.

**B) Relator has no adequate remedy at law**,to compel the habeas corpus judge to act upon Relator's asserted U.S.Constitutional rights violations by Respondent'(s) prior to,and during the plea bargin bunch or trial on the merits,and has contined untill this present day[ 12/5/2015].The habeas corpus judge's or intruder's substance of findings are not supported by substantial evidence,"as Relator's affidavit,amendment motion,and counter claims are not only suppressed,but are not rebutted point-by-point"by the opposing Party(s),nor Respondent(s).Relator has - requested mandamus relief,as a challenge to that habeas judge's fact-finding process itself on the ground that it was fatally deficient in it's memorandam's material,as if adopting "**Affidavit of Jay Caballero**!...**Morphed into Sharen Wilson's and Andrea Jacobs Proposed Memorandum allegedly filed on 11/9/2015**...With the Dis trict Clerk's Office of Tarrant County,Texas,but no signature for attesting to that fact,and no time when filed ! Thus,the interveners,and Respondent(s) defective process of service presents facts showing Respondent'(s) Court's deficient - performannce and gross prejudice from instituting the[ir]actions against Relator's claims raised in his petition...illustrating there is no substantial evidence in the[ir] State Court's record to show otherwise-but Relator has shown why and how the alleged indictment(s) was,as is fatally defective in substance material,and is the reason Relator negates more than seven essential and Constituent elements of each of the Prosecutor'(s) causes of action,as too negate every fact and inference that could have possibly supported the judge's denial.And,thus,who,Relator touched on in whole against the indictment(s) invalidity,it bears reiterating in part,in this mandamus proceedings,for conclusively establishing all the elements of an affirmative defense to be entitled to summary judgment on his petition for a writ of habeas corpus.e.g,**Cathey V.Booth**,900 S.W.2d 339,341(Tex.1995),and see **Park Place Hospital v.Estate of Miles**,909 S.W.2d 508,509(Tex.1995);Rule 166(c)(Tex.R,Civ.P).Holds that summary judgment is proper when evidence establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the Prosecutor'(s) cause(s) of action"Id....

**C)the Respondent'(s) Court's adoption** of baseless findings of facts processed was deficient and defective because Relator never had a fair trial in the Trial judge's presence,and that fundamentally unfair habeas Court's judge's defective process of service denied Relator his apportunity to have his relevant habeas facts-heard and judiciarily determined...Inturn,the habeas judge'sRespondent'(s) fact findings procedures have been proven,as can be found,to be faulty under Art.11.07 et seq(TCCP),when the Respondent(s) erroneously failed to accept as true factual

5.Plead

allegations/accusations in the Relator's habeas corpus petition,'that was amended,and with Relator's exhibition submitted,those factual assertions were neither incredible on their face,nor clearly refuted by the trial Court's record;as Respondent intentionally failed to hold a hearing where those facts,accepted as true,"[ ]'ould have satisfied the basic requirements for relief(i.e.,stated a prema facie case)...Consequently,Relator has satisfied a sufficient showing,as well as making a complete and whole his entitlement  to mandamus relief.State ex rel.Hill V.Pirtle,887 S.W.2d 921,926-927,& n.6,9(Tex.Cr.App.1994);State Ex rel Eidson VEdwards,793 S.W.2d 1,6-7(Tex.Cr.App.1990)(& case law citations).

This TCCA's justices have jurisdiction to issue the relator's requested writ of Mandamus in this cause sub judice,pursuant to Article 5,§5A of the Texas Constitution and Article 4.04(TCCP).

Wherefore,Premises duly considered,this writing Relator prays that the Texas Court of Criminal Appeals justices will grant this Relator's application and issue a Writ of mandamus directing,George Gallaghes,the Chief Respondent,as judge presiding for the Order filed on 11/24/2015,in the 432nd Judicial District Court of Tarrant County Texas,to vacate it's Order entered for Sharen Wilson and Andrea Jacobs proposed response to some application for a writ of habeas corpus filed on June 25,2015,as signed by said Wilson and Jacobs and then,their proposed memorandum and findings of facts were filed on 11/9/2015...(a week after Joel Aguirre filed his amended motion,and that want of supplemental claims),and thus,issue the writ of mandamus to nullify that Order entered by the Respondent; as well as any unseen Order(s) signed and entered by the intruder judge presiding on 6/26/2015 ; or if Charles P.Reynolds,Tarrant County Criminal Magistrate(unkonwn if of Texas State ?),his Order must be stricken as void and also vacated,for lack of jurisdiction over the subject-matter causes of action,and Parties of interest and even further invacating Orders,that Order held on 10/4/2012,under judge Ruben Gonzalez,Junior,the hearing on Rejection of plea offer and all subsequent pro ceedings held under his and any Orders and judgment(s) prounced by him must be vacated as void ab initio.Thus,those rejected plea offer proceedings under cause #1255195D(& related casues) are issues of void information,for said Respondent (s) and judges were with their Courts,lacking subject-matter jurisidction over this Relator's imposed charges.Which the law clearly allows when Prosecutors do violate the laws and their violations of the rule of law will thus subject their Case(s) to reversal on appeal,and no judge/Respondent(s) should overlook the Proscutorial misconduct,'which resulted in a denial of legal due process of law of the defendant!Id.at State ex rel.Eidson,793 S.W.2d at 6-7...

Executed on _10th_ this day of_December_ 2015. _Joel Aguirre_  _12/10/2015_

Joel Aguirre#01817332
TDCJ/Mark Wayne Michael Unit,2664 F.M.2054,
Tennessee Colony,Texas 75886

### Certificate of Service and Declaration

I, _Joel Aguirre_ ,am an inmate unlawfully and illegally restrained and confind and against My will,by Edgar D.Baker,Custodian,and senior Warden of the Mark Wyne Michael Prison Unit,located at 2664 F.M.2054,Tennessee Colony,Texas 75-886,within the County of Anderson of the State of Texas,and do affirm under penalty of perjury,that all I stated is true,correct,accurate and complete to the best of My knowledge and recourses,and have provided the Respondent(s) of interest a copy of My writ of mandamus filed herein,by serving him,Mr.Baker,a copy of the same,in person,via the Michael Unit's mailroom department,as I dropped said copy off at their mailroom window and gave copy to mailroon Clerk,On _10th_ this day of _December_,2015,pursuant to Tex.Civ.Prac.& Red.Code,§§132.001-132.003, _Joel Aguirre_

Applicant/Appellant

6.Plead.

*Exhibit 3—A*

NO. C-432-010495-1255195-A
NO. C-432-010496-1255195-B

| | | |
|---|---|---|
| EX PARTE | § | IN THE 432nd JUDICIAL |
| | § | |
| | § | DISTRICT COURT OF |
| | § | |
| | § | |
| JOEL AGUIRRE | § | TARRANT COUNTY, TEXAS |

## STATE'S RESPONSE TO APPLICATION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW THE STATE OF TEXAS, by and through the Tarrant County Criminal District Attorney, and in opposition of the Application for Writ of Habeas Corpus respectfully states the following to the Court based on its information and belief:

## I. HISTORY OF THE CASE

The applicant, JOEL AGUIRRE ("Applicant"), pled guilty, pursuant to an open plea to the jury, to two counts of aggravated assault with a deadly weapon, to-wit: a firearm, on October 17, 2012. *See* Judgments, No. 1255195D. The jury assessed punishment at two terms of twenty years confinement in the Texas Department of Criminal Justice – Institutional Division. *See* Judgments.

The Second Court of Appeals affirmed the trial court's judgment on November 14, 2013. *See Aguirre v. State*, No. 02-12-00509-CR, 2013 WL 6046121 (Tex. App. – Fort Worth Nov. 14, 2013) (not designated for publication).



## II.    APPLICANT'S ALLEGATIONS

Applicant alleges his confinement is illegal for the following reasons: (1) his guilty plea was not intelligent because he was advised that he would be eligible for parole after his flat time and good time equaled half his sentence; (2) he received ineffective assistance of appellate counsel; and (3) counsel failed to communicate a five year plea offer. *See* Application, p. 6-11

## III.   NECESSITY FOR AN EVIDENTIARY HEARING & EXPANSION OF THE RECORD

There is a need for an expansion of the record; however, there is no need for an evidentiary hearing. An affidavit from Applicant's plea counsel, Hon. Jay Caballero, is needed to address Applicant's allegations. Applicant need **NOT** be brought back to Tarrant County for a hearing.

## IV.    ARGUMENT AND AUTHORITIES

### A.    Applicable Law

In a habeas corpus proceeding, the burden of proof is on the applicant. *Ex parte Rains*, 555 S.W.2d 478, 481 (Tex. Crim. App. 1977). An applicant "must prove by a preponderance of the evidence that the error contributed to his conviction or punishment." *Ex parte Williams*, 65 S.W.3d 656, 658 (Tex. Crim. App. 2001). In order to prevail, the applicant must present facts that, if true, would entitle him to the

2

relief requested. *Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim. App. 1985). *To low.*

Relief may be denied if the applicant states only conclusions, and not specific facts. *Ex parte McPherson*, 32 S.W.3d 860, 861 (Tex. Crim. App. 2000). In addition, an *out of Time appeals Relief*

applicant's sworn allegations alone are not sufficient to prove his claims. *Ex parte Empey*, 757 S.W.2d 771, 775 (Tex. Crim. App. 1988). *This relief sought is denied. ≠[As a flat calculated parole eligibility] [proving allegation of plea bargain x]*

**B.     An affidavit is required before Applicant's application may be resolved.**

Applicant asserts that he received ineffective assistance of counsel and that his plea was not voluntary or intelligent as a result because (1) he was improperly advised about his parole eligibility and (2) counsel failed to convey the five year plea offer. *See* Application, p. 6-7, 10-11.

In order to evaluate the merits of a claim of ineffective assistance of counsel, the record must demonstrate an explanation of or the motivation behind counsel's actions. That is, whether those actions were the result of strategic design or negligent conduct. *Thompson v. State,* 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). *Reversed* Applicant has not attached to his application any affidavit by counsel explaining or justifying the alleged deficient conduct. As such, it may be necessary for counsel to respond to these claims.

In order to determine the merits of these claims, it is necessary for the Court to designate this issue for future resolution. *See McCree v. Hampton*, 824 S.W.2d 578, *Dealing with the mandamus-&-Relief requested denied[x] Leave to file granted;*

3

579 (Tex. Crim. App. 1992)(A trial court must designate all issues requiring future resolution within thirty-five days after the filing of a petition for habeas corpus in order to retain its jurisdiction over the case.); *See also* Tex. Code Crim. P. art. 11.07 §3(c), (d). Specifically, the Court may wish to order an affidavit from Applicant's plea counsel, Hon. Jay Caballero, addressing Applicant's allegations and the alleged deficient conduct.

Applicant's application should be **DESIGNATED** for future resolution.

## V. CONCLUSION

Wherefore, premises considered, the State prays that this Court **ORDER** an affidavit from Hon. Jay Caballero responding to Applicant's allegations that his plea was involuntary due to ineffective assistance of counsel and **DESIGNATE** Applicant's application for future resolution.

Respectfully submitted,

SHAREN WILSON
Criminal District Attorney
Tarrant County

Andréa Jacobs, Assistant
Criminal District Attorney
State Bar No. 24037596
401 West Belknap
Fort Worth, TX 76196-0201
Phone:       817/884-1687
Facsimile:   817/884-1672

4

## CERTIFICATE OF SERVICE

A true copy of the above has been mailed to Applicant, Mr. Joel Aguirre, TDCJ-ID# 01817332, Michael Unit, 2664 FM 2054, Tennessee Colony, Texas 75886 on the 25th day of June, 2015.

Andréa Jacobs

## CERTIFICATE OF COMPLIANCE

I certify that the total number of words in this State's Response is **1060** words as determined by Microsoft Office Word 2010.

Andréa Jacobs

NO. C-432-010495-1255195-A
NO. C-432-010496-1255195-B

EX PARTE

§ IN THE 432nd JUDICIAL

§

§ DISTRICT COURT OF

§

JOEL AGUIRRE

§ TARRANT COUNTY, TEXAS

## MEMORANDUM

The applicant, JOEL AGUIRRE ("Applicant"), alleges his plea was involuntary and that he received ineffective assistance of counsel. *See* Application, p. 6-7, 10-11. However, Applicant presents no affidavit or statement from counsel explaining the alleged misconduct.

Thus, there are controverted, previously unresolved facts which are material to the legality of Applicant's confinement requiring designation of the issue for future resolution.

## ORDER

1. Applicant's application is **DESIGNATED** for future resolution.

2. An affidavit is **ORDERED** from Hon. Jay Caballero, Applicant's plea counsel in cause number 1255195D, addressing Applicant's allegations of ineffective assistance of counsel and involuntary plea.

3. Hon. Caballero shall submit an original and three copies of his affidavit to the post-conviction writ clerk by **August 25, 2015**. The clerk shall then mail a copy of the affidavit to Applicant and forward a copy of the affidavit to the post-conviction section of the Tarrant County Criminal District Attorney's Office.

1. Exhibit 3-F

4. The clerk of the Court is ordered to send copies of this order to the following:
   a. Applicant, Mr. Joel Aguirre, TDCJ-ID# 01817332, Michael Unit, 2664 FM 2054, Tennessee Colony, Texas 75886,
   b. To the post-conviction section of the Criminal District Attorney's Office, and
   c. The Texas Court of Criminal Appeals.

SIGNED AND ENTERED this the ____ day of _____, 2015.

_____
JUDGE PRESIDING

TO. G.

I Recieved Another copy
Like this one signed
by the Judge.

What can you Advise me
Should I Just wait to see
what the Lawyer gots to
Say. Let me know what you
think About It.

2 Exhibit: 3-G

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

JUN 26 2015

TIME_____3:58_____
BY_____DEPUTY

NO. C-432-010495-1255195-A
NO. C-432-010496-1255195-B

| | | |
|---|---|---|
| EX PARTE | § | IN THE 432nd JUDICIAL |
| | § | |
| | § | DISTRICT COURT OF |
| | § | |
| JOEL AGUIRRE | § | TARRANT COUNTY, TEXAS |

## MEMORANDUM

The applicant, JOEL AGUIRRE ("Applicant"), alleges his plea was involuntary and that he received ineffective assistance of counsel. *See* Application, p. 6-7, 10-11. However, Applicant presents no affidavit or statement from counsel explaining the alleged misconduct.

Thus, there are controverted, previously unresolved facts which are material to the legality of Applicant's confinement requiring designation of the issue for future resolution.

## ORDER

1. Applicant's application is **DESIGNATED** for future resolution.

2. An affidavit is **ORDERED** from Hon. Jay Caballero, Applicant's plea counsel in cause number 1255195D, addressing Applicant's allegations of ineffective assistance of counsel and involuntary plea.

3. Hon. Caballero shall submit an original and three copies of his affidavit to the post-conviction writ clerk by **August 25, 2015**. The clerk shall then mail a copy of the affidavit to Applicant and forward a copy of the affidavit to the post-conviction section of the Tarrant County Criminal District Attorney's Office.

1

Exhibit 3-K

4. The clerk of the Court is ordered to send copies of this order to the following:

    a.    Applicant, Mr. Joel Aguirre, TDCJ-ID# 01817332, Michael Unit, 2664 FM 2054, Tennessee Colony, Texas 75886,

    b.    To the post-conviction section of the Criminal District Attorney's Office, and

    c.    The Texas Court of Criminal Appeals.

SIGNED AND ENTERED this the 26th day of _____June_____, 2015.

_____
JUDGE PRESIDING



CHARLES P. REYNOLDS
TARRANT COUNTY
CRIMINAL MAGISTRATE

2

Exhibit 3–L

FILED
THOMAS A WILDER DIST. CLERK
TARRANT COUNTY, TEXAS

NOV 24 2015

TIME____10:30am____
BY_____ DEPUTY

NO. C-432-010495-1255195-A
NO. C-432-010496-1255195-B

| | | |
|---|---|---|
| EX PARTE | § | IN THE 432nd JUDICIAL |
| | § | |
| | § | DISTRICT COURT OF |
| | § | |
| JOEL AGUIRRE | § | TARRANT COUNTY, TEXAS |

## ORDER

The Court adopts the State's Memorandum, Findings of Fact and Conclusions of Law as its own and recommends that the relief JOEL AGUIRRE ("Applicant") requests be **DENIED**. The Court further orders and directs:

1.      The Clerk of this Court to file these findings and transmit them along with the Writ Transcript to the Clerk of the Court of Criminal Appeals as required by law.

2.      The Clerk of this Court to furnish a copy of the Court's findings to Applicant, Mr. Joel Aguirre, TDCJ-ID# 01817332, Michael Unit, 2664 FM 2054, Tennessee Colony, Texas 75886 (or to Applicant's most recent address), and to the post-conviction section of the Criminal District Attorney's Office.

SIGNED AND ENTERED this _24_ day of ___November___, 2015.


_____
JUDGE PRESIDING

1

Exhibit 3-177

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS
NOV 09 2015
TIME_____
BY_____ DEPUTY

NO. C-432-010495-1255195-A
NO. C-432-010496-1255195-B

| EX PARTE | § | IN THE 432nd JUDICIAL |
|---|---|---|
| | § | |
| | § | DISTRICT COURT OF |
| | § | |
| JOEL AGUIRRE | § | TARRANT COUNTY, TEXAS |

## STATE'S PROPOSED MEMORANDUM, FINDINGS OF FACT AND CONCLUSIONS OF LAW

The State proposes the following Memorandum, Findings of Fact and Conclusions of Law regarding the issues raised in the present Application for Writ of Habeas Corpus.

## MEMORANDUM

The applicant, JOEL AGUIRRE ("Applicant"), alleges that he is being unlawfully confined because (1) his guilty plea was not intelligent because he was advised that he would be eligible for parole after his flat time and good time equaled half his sentences; (2) he received ineffective assistance of appellate counsel; and (3) counsel failed to communicate a five year plea offer. *See* Application, p. 6-11.

In response to an Order from this Court, Hon. Jay Caballero, Applicant's trial counsel, has filed an affidavit addressing Applicant's allegations of ineffective assistance of counsel and involuntary plea. In light of Applicant's contentions and the evidence presented in the Writ Transcript, the Court should consider the following proposed findings of fact and conclusions of law:

COPY

2—

# FINDINGS OF FACT

*General Facts*

1. Applicant pled guilty, pursuant to an open plea to the jury, to two counts of aggravated assault with a deadly weapon, to-wit: a firearm, on October 17, 2012. *See* Judgments, No. 1255195D.

2. The jury assessed punishment at two terms of twenty years confinement in the Texas Department of Criminal Justice – Institutional Division. *See* Judgments.

3. The Second Court of Appeals affirmed the trial court's judgments on November 14, 2013. *See Aguirre v. State*, No. 02-12-00509-CR, 2013 WL 6046121 (Tex. App. – Fort Worth Nov. 14, 2013, no pet.) (not designated for publication).

*Unintelligent Plea*

4. The reporter's record indicates that the trial court advised Applicant that
   [T]he jury will be instructed that – and you need to understand that before you can be eligible for parole, half your sentence in – in consideration of the time that you're actually in custody or incarcerated, plus your good time, must equal the amount of half the sentence before you will be eligible for parole. And there is no guarantee that parole will be granted at that time frame."
   [3 RR 12]

5. Hon. Jay Caballero represented Applicant during the trial proceedings. *See* Judgment; Caballero Affidavit, p. 1.

6. Hon. Caballero advised Applicant on several occasions that Applicant would have to serve half of his sentence before being eligible for parole. *See* Caballero Affidavit, p. 2-3.

7. Applicant made an open plea of guilty to the jury. *See* Judgment.

8. There was no way for Applicant to know whether the jury would assess punishment at two years or twenty years.

2

9.    As part of his plea, the State waived the repeat offender notice. *See* Indictment, No. 1255195D; Judgment; Caballero Affidavit, p. 3.

10.    Applicant's claim that he would not have made an open plea of guilty to the jury had he known he would be required to serve half of his sentence before becoming eligible for parole is without merit.

11.    There is no reasonable likelihood that Applicant would have not pled guilty and would have insisted on going to trial had the court not advised him that

> [T]he jury will be instructed that – and you need to understand that before you can be eligible for parole, half your sentence in – in consideration of the time that you're actually in custody or incarcerated, plus your good time, must equal the amount of half the sentence before you will be eligible for parole. And there is no guarantee that parole will be granted at that time frame."

[3 RR 12]

12.    Hon. Caballero's affidavit is credible and supported by the record.

*Ineffective Assistance of Appellate Counsel*

13.    The jury was charged as required by article 37.07, §4 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 37.07, §4; [CR 131-32]

14.    Applicant's appellate counsel filed an *Anders Brief*. *See Aguirre v. State*, No. 02-12-00509-CR, 2013 WL 6046121 (Tex. App. – Fort Worth Nov. 14, 2013, no pet.) (not designated for publication).

*Ineffective Assistance of Trial Counsel/Five Year Plea Offer*

15.    Applicant testified to this Court, on the record, that Hon. Caballero advised him that the State had offered him a five year plea offer. [2 RR 8-9]

16.    Applicant's claim that counsel never advised him of the five year plea offer is false.

3 — Exhibit: 4 — C

17. Applicant testified to this Court, on the record, that he refused the State's offer of five years but "would take anything under 5 if [the State] dropped the enhancement." [2 RR 9]

18. Applicant's claim that he would have accepted the five year plea offer if counsel had advised him of it is false.

## CONCLUSIONS OF LAW

*General Law*

1. In a habeas corpus proceeding, the burden of proof is on the applicant. *Ex parte Rains*, 555 S.W.2d 478, 481 (Tex. Crim. App. 1977). An applicant "must prove by a preponderance of the evidence that the error contributed to his conviction or punishment." *Ex parte Williams*, 65 S.W.3d 656, 658 (Tex. Crim. App. 2001).

2. Relief may be denied if the applicant states only conclusions, and not specific facts. *Ex parte McPherson*, 32 S.W.3d 860, 861 (Tex. Crim. App. 2000). In addition, an applicant's sworn allegations alone are not sufficient to prove his claims. *Ex parte Empey*, 757 S.W.2d 771, 775 (Tex. Crim. App. 1988).

*Unintelligent Plea*

3. There is a presumption of regularity with respect to guilty pleas under Texas Code of Criminal Procedure art. 1.15. *Ex parte Wilson*, 716 S.W.2d 953, 956 (Tex. Crim. App. 1986).

4. Before accepting a guilty plea, the court must admonish the defendant as to the consequences of his plea, including determining whether the plea is freely, voluntarily, and knowingly given. *See* Tex. Code Crim. Proc. art. 26.13.

5. When a defendant complains that his plea was not voluntary due to ineffective assistance of counsel, "'the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty

4 Exhibit: 4—D

and would have insisted on going to trial.'" *Ex parte Moody*, 991 S.W.2d 856, 857-58 (Tex. Crim. 1999) (citations omitted).

6. Counsel properly advised Applicant as to the fact that he would have to serve one-half of his sentences before being eligible for parole.

7. Applicant has failed to prove by a reasonable probability that he would not have pled guilty and would have insisted on going to trial had the trial court not advised him that his good conduct time would be considered when determining his parole eligibility.

8. Applicant has failed to overcome the presumption that his plea was regular.

9. Applicant's plea was intelligently made.

10. This Court recommends that Applicant's first ground for relief be **DENIED**.

*Ineffective Assistance of Appellate Counsel*

11. The standard of review for ineffective assistance of appellate counsel claims is the *Strickland v. Washington* test and is the same as the standard for ineffective assistance of trial counsel claims. *Ex parte Jarrett*, 891 S.W.2d 935, 944 (Tex. Crim. App. 1994), *overruled on other grounds*, *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997).

12. The two-prong test enunciated in *Strickland v. Washington* applies to ineffective assistance of counsel claims in non-capital cases. *Hernandez v. State*, 988 S.W.2d 770, 771 (Tex. Crim. App. 1999). To prevail on his claim of ineffective assistance of counsel, the applicant must show counsel's representation fell below an objective standard of reasonableness, and there is a reasonable probability the results of the proceedings would have been different in the absence of counsel's unprofessional errors. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

13. The Court of Criminal Appeals will presume that counsel made all significant decisions in the exercise of reasonable professional judgment. *See Delrio v. State*, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992).

5 Exhibit: 4-E

14. The totality of counsel's representation is viewed in determining whether counsel was ineffective. *See Cannon v. State*, 668 S.W.2d 401, 404 (Tex. Crim. App. 1984).

15. Support for Applicant's claim of ineffective assistance of counsel must be firmly grounded in the record. *See Johnson v. State*, 691 S.W.2d 619, 627 (Tex. Crim. App. 1984), *cert. denied*, 474 U.S. 865 (1985).

16. An attorney is prohibited from raising claims on appeal that are not founded in the record. *See High v. State*, 573 S.W.2d 807, 811 (Tex. Crim. App. 1978).

17. An attorney is under an ethical obligation not to raise frivolous issues on appeal. *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 436 (1988).

18. "[B]ecause the trial judge in this case instructed the jury according to the legislative dictate expressed in article 37.07, section 4(a), he did not commit error." *Luquis v. State*, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002).

19. Any issue that the "good conduct time" jury instruction was improper would have been frivolous on appeal.

20. Appellate counsel properly did not raise the "good conduct time" jury instruction on appeal.

21. Applicant has failed to prove that his appellate attorney's representation fell below an objective standard of reasonableness.

22. A party fails to carry his burden to prove ineffective assistance of counsel where the probability of a different result absent the alleged deficient conduct sufficient to undermine confidence in the outcome is not established. *See Washington v. State*, 771 S.W.2d 537, 545 (Tex. Crim. App. 1989), *cert. denied*, 492 U.S. 912.

23. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffective claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

6 - Exhibit: 4-F

24. Applicant has failed to show that there is a reasonable probability that the result of the appellate proceeding would have been different had counsel complained on direct appeal that the "good conduct time" jury instruction was improper.

25. Applicant has failed to show that there is a reasonable probability that, but for the alleged acts of misconduct, the result of the proceeding would have been different.

26. Applicant has failed to prove that he received ineffective assistance of appellate counsel.

27. This Court recommends that Applicant's second ground for relief be **DENIED**.

*Ineffective Assistance of Trial Counsel/Five Year Plea Offer*

28. The two-prong test enunciated in *Strickland v. Washington* applies to ineffective assistance of counsel claims in non-capital cases. *Hernandez v. State*, 988 S.W.2d 770, 771 (Tex. Crim. App. 1999). To prevail on his claim of ineffective assistance of counsel, the applicant must show counsel's representation fell below an objective standard of reasonableness, and there is a reasonable probability the results of the proceedings would have been different in the absence of counsel's unprofessional errors. *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

29. The Court of Criminal Appeals will presume that trial counsel made all significant decisions in the exercise of reasonable professional judgment. *See Delrio v. State*, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992).

30. The totality of counsel's representation is viewed in determining whether counsel was ineffective. *See Cannon v. State*, 668 S.W.2d 401, 404 (Tex. Crim. App. 1984).

31. Support for Applicant's claim of ineffective assistance of counsel must be firmly grounded in the record. *See Johnson v. State*, 691 S.W.2d 619, 627 (Tex. Crim. App. 1984), *cert. denied*, 474 U.S. 865 (1985).

7 Exhibit 4-G

32. Counsel properly advised Applicant of the five year plea offer.

33. Applicant has failed to prove that counsel's representation fell below an objective standard of reasonableness.

34. A party fails to carry his burden to prove ineffective assistance of counsel where the probability of a different result absent the alleged deficient conduct sufficient to undermine confidence in the outcome is not established. *See Washington v. State*, 771 S.W.2d 537, 545 (Tex. Crim. App.), *cert. denied*, 492 U.S. 912 (1989).

35. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffective claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

36. Applicant has failed to show that there is a reasonable probability that the result of the proceeding would have been different had counsel advised him differently.

37. Applicant has failed to prove that he received ineffective assistance of counsel.

38. This Court recommends that Applicant's third ground for relief be **DENIED**.

WHEREFORE, the State prays that this Court adopt these Proposed Findings of Fact and Conclusions of Law and recommend that Applicant's grounds for relief be **DENIED**.

Respectfully submitted,

SHAREN WILSON
Criminal District Attorney
Tarrant County

Andréa Jacobs, Assistant
Criminal District Attorney
State Bar No. 24037596
401 West Belknap
Fort Worth, TX 76196-0201
Phone:        817/884-1687
Facsimile:   817/884-1672

## CERTIFICATE OF SERVICE

A true copy of the above has been mailed to Applicant, Mr. Joel Aguirre, TDCJ-ID# 01817332, Michael Unit, 2664 FM 2054, Tennessee Colony, Texas 75886 on the ____ day of November, 2015.

Andréa Jacobs

## CERTIFICATE OF COMPLIANCE

The total number of words in this State's Proposed Findings of Fact and Conclusions of Law is **2435** words as determined by the word count feature of Microsoft Office Word 2010.

Andréa Jacobs

9

Exhibit 3-A

NO. C-432-010495-1255195-A
NO. C-432-010496-1255195-B

| | | |
|---|---|---|
| **EX PARTE** | § | **IN THE 432nd JUDICIAL** |
| | § | |
| | § | **DISTRICT COURT OF** |
| | § | |
| **JOEL AGUIRRE** | § | **TARRANT COUNTY, TEXAS** |

## STATE'S RESPONSE TO APPLICATION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW THE STATE OF TEXAS, by and through the Tarrant County Criminal District Attorney, and in opposition of the Application for Writ of Habeas Corpus respectfully states the following to the Court based on its information and belief:

## I. HISTORY OF THE CASE

The applicant, JOEL AGUIRRE ("Applicant"), pled guilty, pursuant to an open plea to the jury, to two counts of aggravated assault with a deadly weapon, to-wit: a firearm, on October 17, 2012. *See* Judgments, No. 1255195D. The jury assessed punishment at two terms of twenty years confinement in the Texas Department of Criminal Justice – Institutional Division. *See* Judgments.

The Second Court of Appeals affirmed the trial court's judgment on November 14, 2013. *See Aguirre v. State*, No. 02-12-00509-CR, 2013 WL 6046121 (Tex. App. – Fort Worth Nov. 14, 2013) (not designated for publication).



## II. APPLICANT'S ALLEGATIONS

Applicant alleges his confinement is illegal for the following reasons: (1) his guilty plea was not intelligent because he was advised that he would be eligible for parole after his flat time and good time equaled half his sentence; (2) he received ineffective assistance of appellate counsel; and (3) counsel failed to communicate a five year plea offer. *See* Application, p. 6-11

## III. NECESSITY FOR AN EVIDENTIARY HEARING & EXPANSION OF THE RECORD

There is a need for an expansion of the record; however, there is no need for an evidentiary hearing. An affidavit from Applicant's plea counsel, Hon. Jay Caballero, is needed to address Applicant's allegations. Applicant need **NOT** be brought back to Tarrant County for a hearing.

## IV. ARGUMENT AND AUTHORITIES

### A. Applicable Law

In a habeas corpus proceeding, the burden of proof is on the applicant. *Ex parte Rains*, 555 S.W.2d 478, 481 (Tex. Crim. App. 1977). An applicant "must prove by a preponderance of the evidence that the error contributed to his conviction or punishment." *Ex parte Williams*, 65 S.W.3d 656, 658 (Tex. Crim. App. 2001). In order to prevail, the applicant must present facts that, if true, would entitle him to the

2

relief requested. *Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim. App. 1985).

Relief may be denied if the applicant states only conclusions, and not specific facts. *Ex parte McPherson*, 32 S.W.3d 860, 861 (Tex. Crim. App. 2000). In addition, an applicant's sworn allegations alone are not sufficient to prove his claims. *Ex parte Empey*, 757 S.W.2d 771, 775 (Tex. Crim. App. 1988).

## B. An affidavit is required before Applicant's application may be resolved.

Applicant asserts that he received ineffective assistance of counsel and that his plea was not voluntary or intelligent as a result because (1) he was improperly advised about his parole eligibility and (2) counsel failed to convey the five year plea offer. *See* Application, p. 6-7, 10-11.

In order to evaluate the merits of a claim of ineffective assistance of counsel, the record must demonstrate an explanation of or the motivation behind counsel's actions. That is, whether those actions were the result of strategic design or negligent conduct. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Applicant has not attached to his application any affidavit by counsel explaining or justifying the alleged deficient conduct. As such, it may be necessary for counsel to respond to these claims.

In order to determine the merits of these claims, it is necessary for the Court to designate this issue for future resolution. *See McCree v. Hampton*, 824 S.W.2d 578,

3

579 (Tex. Crim. App. 1992)(A trial court must designate all issues requiring future resolution within thirty-five days after the filing of a petition for habeas corpus in order to retain its jurisdiction over the case.); *See also* Tex. Code Crim. P. art. 11.07 §3(c), (d). Specifically, the Court may wish to order an affidavit from Applicant's plea counsel, Hon. Jay Caballero, addressing Applicant's allegations and the alleged deficient conduct.

Applicant's application should be **DESIGNATED** for future resolution.

## V. CONCLUSION

Wherefore, premises considered, the State prays that this Court **ORDER** an affidavit from Hon. Jay Caballero responding to Applicant's allegations that his plea was involuntary due to ineffective assistance of counsel and **DESIGNATE** Applicant's application for future resolution.

Respectfully submitted,

SHAREN WILSON
Criminal District Attorney
Tarrant County

Andréa Jacobs, Assistant
Criminal District Attorney
State Bar No. 24037596
401 West Belknap
Fort Worth, TX 76196-0201
Phone:       817/884-1687
Facsimile:   817/884-1672

4    Exhibit 3-D

## CERTIFICATE OF SERVICE

A true copy of the above has been mailed to Applicant, Mr. Joel Aguirre, TDCJ-ID# 01817332, Michael Unit, 2664 FM 2054, Tennessee Colony, Texas 75886 on the 25th day of June, 2015.

_____
Andréa Jacobs

## CERTIFICATE OF COMPLIANCE

I certify that the total number of words in this State's Response is **1060** words as determined by Microsoft Office Word 2010.

_____
Andréa Jacobs

Exhibit 3-E