

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,878-02

### EX PARTE KENNETH WAYNE JOHNSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C34800-CR IN THE COUNTY COURT AT LAW
### FROM NAVARRO COUNTY

*Per curiam*. ALCALA, J., concurs.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in organized criminal activity and sentenced to eighteen years' imprisonment. He did not appeal his conviction. Applicant's initial habeas application (the -01) asked for a late appeal. Relief was denied. Applicant has now filed a second habeas application (this -02) challenging the conviction. The application is not barred as subsequent. TEX. CODE CRIM. PROC. art. 11.07 § 4; *Ex parte McPherson*, 32 S.W.3d 860, 861 (Tex. Crim. App. 2000).

Applicant raises many claims alleging that his trial counsel rendered ineffective assistance, including the failure to notify of a plea agreement, to investigate, and to call witnesses at trial, and it appears he claims counsel failed to impeach witness testimony with plea deals the witnesses had made with the State. There is no affidavit from trial counsel or findings from the trial court.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 19, 2016
Do not publish